B. A. WILLSON, Appellant, v. FELTHOUSE BROTHERS & MOORE.

**Attaching Mortgaged Property without Statutory Deposit:** WAIVER. No one but the mortgagee can insist that an attaching creditor shall pay his mortgage, or deposit enough to do so with the clerk, as provided by Acts, Twenty-first General Assembly, chapter 117, section 1, and the mortgagee may waive his rights under that act.

*Appeal from Cerro Gordo District Court.*—HON. G. W. RUDDICK, Judge.

SATURDAY, FEBRUARY 3, 1894.

ON THE eleventh day of February, 1892, one Armsbury made to the plaintiff a written assignment of his property for the benefit of his creditors. This action was brought by the assignee to recover damages of the defendants for wrongfully taking and disposing of certain property belonging to the insolvent assignor. It was held by the district court that the defendants were not liable, and plaintiff appeals.—*Affirmed.*

*Wm. Hoy, A. H. Cummings* and *Cliggitt & Rule* for appellant.

*Blythe & Markley* and *R. Wilber* for appellees.

ROTHROCK, J.—The appeal involves but one question, and the controversy between the parties can be better understood by a plain statement of the facts than by attempting to reproduce the averments of the pleadings. As we have said, Armsbury made an assignment to the plaintiff on the eleventh day of February, 1892. The defendants, Felthouse Brothers & Moore, were creditors of Armsbury. Long before the assignment was made, Armsbury executed to one Willson a chattel mortgage upon property which was included in the general assignment. The mortgage was in the common form, and authorized the mortgagee to take possession of the property whenever he chose so to do. The mortgage was duly recorded, and the debt secured thereby was not due when the general assignment was made. On the day before the assignment was made, the said defendants commenced an action against Armsbury to recover the debt due to them, and procured a writ of attachment against his property. The writ was levied on the property included in the chattel mortgage on the eleventh day of February, and before Armsbury made his assignment to the plaintiff. The writ was levied on the mortgaged property without first paying, tendering, or depositing the amount of the mortgage debt; and the plaintiff claims that the levy was, for that reason, illegal and wrongful, and created no lien, and he demands a recovery of the value of the mortgaged property. It should further be stated that there was no showing that Armsbury, the mortgagor, nor Willson, the mortgagee, made any objection to the levy of the attachment. On the contrary, it appears that, within a few days after the attachment was levied, the defendants paid the amount of the mortgage debt to the mortgagee, and took an assignment of the mortgage. The question to be determined involves the proper construction of chapter 117 of the Acts of the Twenty-first General Assembly. That part of the chapter directly

in question is as follows: "Section 1. That personal property not exempt from execution hereafter mortgaged or heretofore mortgaged when the debt secured thereby is due may be taken on attachment or execution issued at the suit of a creditor of a mortgagor, but before the property is so taken the officer or plaintiff must pay or tender to the holder of the mortgage the amount of the mortgage debt and interest accrued, or must deposit the amount thereof with the clerk of the district court of the county wherein the mortgaged property is found, payable to the order of the holder of the mortgage. * * *" It appears to us that not only the part of the law above quoted, but the whole scope of the several sections of the chapter, show plainly that the statute was designed to permit a creditor to do just what was the purpose of the attachment in this case. Its object was to enable a creditor to reach, by attachment, the value of the mortgaged property in excess of the amount necessary to discharge the mortgage debt. There is not one word in the whole act for the protection of the mortgagor. We have no doubt that the mortgagee may waive any right to a deposit of the amount secured by the mortgage. The facts in this case show that there was not only acquiescence in the proceeding by the mortgagee, but, before the property was sold on the attachment, the mortgage was paid, and an assignment of the mortgage made to the defendants. The plaintiff, as assignee, stands in the place of the mortgagor. The writ of attachment was levied before the assignment for the benefit of creditors was executed. We do not think it is necessary to further elaborate the question, nor to discuss the effect of adjudged cases cited by counsel. It appears to us that an examination of the whole of the said act is sufficient to justify the correctness of the conclusion which we have reached. Its whole purpose is to authorize an attachment or execution in such cases by paying or securing the mortgagee. It contains no

provision authorizing the mortgagor to interfere with the proceeding. The case is, in effect, precisely in the same attitude that it would be if the mortgagee had expressly waived his right to payment of the mortgage, and assented to the levy of an attachment on the property. AFFIRMED.