STATE *ex rel.* COLLINS *et al.* v. PARKS, *Judge.*
COLLINS *et al.* v. LAWRENCE--WYLY MERCANTILE
CO. *et al.*

Nos. 1417 and 1574. Opinion Filed March 19, 1912.

Rehearing Denied August 20, 1912.

(126 Pac. 242.)

1. APPEAL AND ERROR—Case-Made—Contents—Discretion—Mandamus. Though a county judge cannot be compelled to certify to an untrue case-made, the district court, or a judge thereof, has jurisdiction to compel him by mandamus to certify a case-made, leaving it to him to say what it shall contain.

2. APPEAL AND ERROR—Case-Made—Contents—Certification. A party appealing has the right to make a case which contains only such part of the proceedings as he considers necessary to present the errors complained of The opposite party may then, in writing, suggest such amendments as he thinks necessary. The judge cannot refuse to certify a case-made because it does not contain all the proceedings, if the portion contained in it is correct; but he may strike from it such portions as are necessary to make it speak the truth, and may add to it whatever portions of the proceedings he may consider necessary to fully present the case.

3. PROCESS — Summons — Issuance — Return. A summons issued March 6th, returnable March 16th, in which the defendant was required to answer March 26th, should be quashed upon motion, because not in compliance with sections 5593 and 5645 of Comp. Laws 1909.

State ex rel. Collins et al. v. Parks, Judge.

4.    **PROCESS—Defects—Waiver.** The defendant did not waive the defect in the summons by confessing judgment on an interplea of a third party after his motion to quash was overruled.

5.    **ATTACHMENT—Validity—Defects—Right to Urge.** An attachment was levied on certain property of H.  A. intervened, claiming the property under a transfer from H.  A bank interpleaded, claiming the property under a mortgage from C.  By agreement of all parties, judgment was rendered in favor of the bank, foreclosing its mortgage.  C. moved to quash the attachment, because the debt to the bank had not been paid or tendered before attachment was served, as provided in section 4432, Comp. Laws 1909. Held, that his motion was properly overruled.

(Syllabus by Rosser, C.)

Error from District Court, Cherokee County;

John H. Pitchford, Judge.

Action by the State of Oklahoma, on the relation of John Collins and others, against J. T. Parks, Judge.  Judgment for defendant, and plaintiff brings error.  Reversed.

Error from Cherokee County Court;
J. T. Parks, Judge.

Action by the Lawrence-Wyly Mercantile Company against Riley Holcomb; John Collins and the First State Bank of Tahlequah, interpleaders.  Judgment for plaintiff and interpleader Bank of Tahlequah, and defendant and interpleader John Collins bring error.  Reversed in part.

Bruce L. Keenan, for plaintiffs in error.

J. I. Coursey, W. W. Hastings, and Burwell, Crockett & Johnson, for defendants in error.

Opinion by ROSSER, C.  The foregoing styled and numbered causes are consolidated and decided together.  Their history is as follows:

The Lawrence-Wyly Mercantile Company, hereinafter called "Company," brought an action in the county court of Cherokee county against Riley Holcomb, sued out an attachment, and caused it to be levied on certain property, and also had summons issued.  The summons was dated March 6, 1909, and was returnable March 16, 1909.  It required the defendant to answer

on the 26th of March, 1909. It was served the same day it was issued. After the attachment was levied, John Collins filed an interplea, claiming to be the owner of the attached property. Holcomb filed a motion to quash summons. It was overruled, and he excepted. The First State Bank of Tahlequah, hereinafter called "Bank," filed an interplea, claiming the attached property by virtue of a chattel mortgage, executed by Collins, to secure an indebtedness from him to the Bank, due August, 1909. There was a judgment for the Bank by consent of all parties. The record of the judgment as to the Bank is as follows:

"The interplea of the First State Bank of Tahlequah being confessed by all the parties hereto, including the Lawrence-Wyly Mercantile Company, a corporation, plaintiff, Riley Holcomb, defendant, and John Collins, interpleader, and not being resisted, judgment was awarded to the First State Bank of Tahlequah in the sum of $330 against John Collins, interpleader, and Riley Holcomb, defendant, and all of the property described in the interplea of the First State Bank."

The record then shows that Holcomb "appeared not, though duly served," and that judgment was rendered against him by default in favor of the plaintiff company for the amount sued for. A jury was then impaneled to try the issues between Collins and the Company. Judgment was then rendered against Collins and for plaintiff. The judgment then states that "the attachment of the said Lawrence-Wyly Merc. Co. against the property herein described was confessed." Collins filed a motion for new trial, which was overruled, and he was given time to make a case, and the other parties were allowed time in which to suggest amendments. Collins presented to the trial judge, for settlement and signature, a case-made from which the evidence was omitted, and which contained a statement of counsel and a claim of exemptions, which could not have been a part of a proper case-made. The Company suggested that the case-made be amended by including all the evidence, and by striking out Holcomb's claim of exemptions. It was also suggested that the judgment be signed. The trial judge refused to settle or sign the case-made, for the reason that the case was decided on the facts, and that the testimony was not included in the case-made.

Collins then brought action 1,417 to compel the county judge by mandamus to certify to the case-made. The district judge held that the county court, as to cases of which it had jurisdiction, was not subject to the jurisdiction of the district court, and that the district court had no jurisdiction to control it by mandamus, and refused the writ. Case No. 1,417 is an appeal from this judgment.

Section 10 of article 7 of the Constitution of this state provides that:

" * * * The district courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution or by law conferred on some other court, and such appellate jurisdiction as may be provided in this Constitution or by law. The district courts or any judge thereof shall have power to issue writs of *habeas corpus,* mandamus, injunction, *quo warranto, certiorari,* prohibition, and other writs remedial or otherwise, necessary or proper to carry into effect their orders, judgments, or decrees."

In the case of *Thompson v. State ex rel. Cooksey,* 25 Okla. 741, 108 Pac. 398, this section of the Constitution was construed to confer general jurisdiction on the district court to issue writs of mandamus in all cases where courts of law or equity, under settled rules, would have the power to issue them, whether necessary to enforce some jurisdiction given by other provisions or not. The district court has general jurisdiction to issue writs of mandamus; and if this is a proper case for mandamus, no reason is perceived why the district court cannot issue it. The writ of mandamus cannot be used to control judicial discretion; but it can be used to compel a tribunal to act. It cannot be used to compel a particular judgment; but it can be used to require a court to exercise its jurisdiction. *Winfrey v. Benton,* 25 Okla. 445, 106 Pac. 853; *Molacek v. White,* 31 Okla. 693, 122 Pac. 523. In this case the writ of mandamus could not have been lawfully issued to compel the county judge to certify to a case-made which was not true and correct; but it should have been issued to compel him to certify to one which spoke the truth. The Supreme Court could not have compelled him to certify a false record. All that either the Supreme or district court

could have done would have been to require him to certify to a true case-made; and the district court, as a court of general jurisdiction, had jurisdiction to order him to do this. See *Pinney v. Williams,* 69 Ala. 311; *Ramagnona v. Crook,* 88 Ala. 450, 7 South. 247. The district court should have issued the writ, not to compel the county judge to settle any particular records as the case-made, but to settle a case-made that told the truth. The county judge gave as a reason for not certifying to the case-made that the evidence was necessary to a proper determination of the case.

It is claimed by defendant in error that, as one of the grounds upon which a new trial was asked was that the judgment was contrary to the evidence, the evidence was necessary, in order to enable this court to determine this question. The answer to this contention is that this court will not consider any question which depends upon the evidence, unless the evidence is set out in the case-made. Before this court will set aside a verdict or judgment because contrary to the evidence, it must know what the evidence is; and, unless the evidence appears in the case-made, it will be conclusively presumed to support the judgment. See *Finch v. Brown,* 27 Okla. 217, 111 Pac. 391; *Wagner v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643, and cases there cited: *De Vitt v. El Reno,* 28 Okla. 315, 114 Pac. 253. When a party appealing does not incorporate in the case-made enough of the proceedings to present the errors complained of, they will not be considered; and where the case-made presented to the judge is true it should be certified by him. If the opposite party desires to have a fuller record, it is his duty to furnish a transcript of such parts of the proceedings as he desires to have incorporated in the case-made; or the judge himself may add to the case-made, or strike out untrue portions of the case-made presented to him for certification. As the case-made should have been certified, and as the county judge did not base his refusal to certify it upon the ground that it was untrue, it will be now considered by this court (except such parts as an inspection discloses could not have been part of the case-made) as if it had been properly certified by the county judge, and case No. 1,574

will be decided upon the case-made so considered. The record in No. 1,574 is so defective as to be almost unintelligible.

It appears from the judgment entered that all the parties to the action, including Holcomb, agreed that judgment should be rendered in favor of the Bank against both Collins and Holcomb. If they all agreed to that judgment, none of them can now complain.

Following the judgment in favor of the Bank, there was a judgment for the Company against Holcomb. It is contended that the court had no jurisdiction of Holcomb, for the reason that the service was defective. The summons fixed the answer day at ten days after the return day. Section 5593, Comp. Laws 1909, provides that the summons shall require the defendant to answer at a time stated in the summons. Section 5645, Comp. Laws 1909, provides that the defendant shall answer or demur within twenty days after the day the summons is returnable. In the summons in this case, the defendant was required to answer before the expiration of twenty days. The summons was defective, and the motion to quash should have been sustained. In *Aggers v. Bridges,* 31 Okla. 617, 122 Pac. 170, it was held, in an opinion by Williams, J., that where a publication notice required the defendant to answer within 36 days it should be quashed, because not in compliance with section 5614, Comp. Laws 1909, which provides that defendant shall have not less than 41 days from date of first publication in which to answer. There is no difference in principle. It is the duty of attorneys and clerks to be familiar with the method of proceeding to get defendants into court. It should not be considered a hardship to require that a statute prescribing the method by which a defendant is brought in to answer should be strictly followed. Courts should not be expected to construe plain statutes so as to relieve plaintiffs of the duty of following them as written. A plaintiff desiring to summon a defendant to answer in a court of record has full opportunity to ascertain what is necessary in order to make the summons comply with the law. A defendant cannot be brought into court except as the law directs.

The statement in the judgment that the attachment was confessed does not show that Holcomb confessed it, and is entirely inconsistent with a previous statement of the judgment that he appeared not.

The attachment was in proper form, and so much of the motion as was directed against the writ of attachment was properly overruled. The fact that Holcomb agreed that the Bank should take judgment on its interplea does not prevent him from taking advantage of the defective summons. He did not confess judgment in favor of the Bank until the motion to quash was overruled. The interplea of the Bank was a claim to the attached property arising out of an independent transaction. It had nothing to do with the controversy between him and the Company. The interplea could have been filed, whether Holcomb had been served with summons or not; and the fact that he was willing to confess judgment on the interplea did not waive the error committed in overruling the motion to quash. See *St. Louis & S. F. R. Co. v. Clark,* 17 Okla. 562, 87 Pac. 430; *Spaulding v. Polley,* 28 Okla. 764, 115 Pac. 864, and cases there cited.

Another proposition urged is that the attachment levy was void, because the property attached was mortgaged to the Bank, and the debt for which it was mortgaged was not paid or tendered to the Bank, or deposited with the county treasurer, as required by section 4432 of Comp. Laws 1909. The property attached in this case was attached as the property of Holcomb. The Bank interpleaded, claiming it under a mortgage executed by Collins. The Bank did not ask to have the attachment dissolved, but, on the other hand, filed its interplea and asked for judgment. The provisions of the statute with reference to payment of the debt to the mortgagee were waived by it in this case, and Collins could not take advantage of it. *Willson v. Felthouse,* 90 Iowa, 315, 57 N. W. 878. If Collins had prevailed on his interplea, the attachment would have been discharged. As it was decided against him, he had no interest in the matter. An interpleader ordinarily cannot question the regularity of the proceedings in the principal case.

From the foregoing it follows that case No. 1,417 should be reversed; but, as the record the judge was desired to certify in that case has been considered here as if properly certified, it is not necessary to remand the case for further proceedings. The judgment for the Bank on its interplea, and for the Company on the interplea of Collins, in case No. 1,574, should be affirmed. The judgment of the Company against Holcomb should be reversed and remanded, with instructions to the lower court to sustain the motion to quash summons. The costs in No. 1,417 should be taxed against the defendant in that case. The costs in No. 1,574 should be taxed equally against Collins and the Company.

By the Court: It is so ordered.