**BOARD OF COM'RS OF KIOWA COUNTY et al. v. KIOWA NATIONAL BANK OF SNYDER.**

No. 24249. Nov. 28, 1933.

Clifford E. Huff, Co. Atty. of Kiowa County, A. C. Chaney, Co. Atty. of Tillman County, and George L. Zink, for plaintiffs in error.

Bailey & McLaury, for defendant in error.

PER CURIAM. This action was commenced by Kiowa National Bank of Snyder, Okla., and the trial court entered judgment adverse in certain respects to the Kiowa National Bank of Snyder, Okla., and adverse as to certain particulars to the board of county commissioners of Kiowa county. From the judgment entered on the 20th day of May, 1932, the board of county commis-

sioners has prosecuted its appeal by filing in this court, under date of November 19, 1932, petition in error with case-made attached. On the 24th day of October, 1933, the original plaintiff, the Kiowa National Bank, filed its cross-petition in error. A motion to dismiss has been filed for the reason that the cross-petition in error was not filed within six months from the date of the judgment entered or the order overruling the motion for new trial in the court below.

In the case of Bilby v. Bilby, 127 Okla. 9, 251 P. 611, this court said:

"Where a cross-petition in error is not filed in this court until after the expiration of six months from the date of the final judgment or order complained of, this court has no jurisdiction over the subject-matter and the cross-appeal will be dismissed."

Section 547, O. S. 1931, is as follows:

"All proceedings for reversing, vacating, or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of; provided, that in case the person entitled to such proceedings be an infant, a person of unsound mind, or imprisoned, such person shall have six months, exclusive of the time of such disability, to commence proceedings."

In the case of Bilby v. Bilby, supra, the court further said:

"The filing of a cross-appeal in error attached to a transcript or case-made previously filed in the Supreme Court to reverse or modify the judgment or final order of the trial court, is the commencement of a proceeding in error in the Supreme Court at the instance of the party filing the cross-petition in error."

Under the above authorities and cases following the same, since the cross-petition in error was not filed within six months from the date of the judgment appealed from, this court is without jurisdiction to hear the same, and the cross-petition in error is hereby dismissed.