BILL HODGES TRUCK COMPANY, Inc.,
Plaintiff in Error,

v.

KAW DRILLING COMPANY, a Corporation,
Ron Drilling Company, a Corporation,
Magic Circle Oil Company, a Corporation,
and First National Bank of Tonkawa, De-
fendants in Error.

No. 42479.

Supreme Court of Oklahoma.

Feb. 10, 1970.

Robert G. Grove, Oklahoma City, for plaintiff in error, Grove & Pryor, Oklahoma City, of counsel.

Melvin G. Mahannah, Tonkawa, for First Nat. Bank of Tonkawa, McKenzie & Mahannah, Tonkawa, of counsel.

BLACKBIRD, Justice.

This appeal involves efforts, by plaintiff in error, to collect, by means of garnishment proceedings, a confessed judgment it obtained on January 6, 1967, in the sum of $6,653.28, with interest and attorneys fees, in the trial court's Cause No. 26830, styled: "Bill Hodges Truck Co., Inc., Plaintiff, vs. Blubaugh, Inc., Defendant". At the pretrial held in that case, it was stipulated that the named defendant corporation had changed its name; and, accordingly, the journal entry of the judgment, entered therein, recited that said plaintiff's recovery was decreed against "the Defendant Corporation, and its successor in interest, Caw (Kaw) Drilling Company, * * *".

Seventy-five per cent of the stock in both the defendant in that case, Blubaugh, Inc., and its successor corporation, Kaw Drilling Company, has been owned by Ben Blubaugh, his wife, Vera D. Blubaugh, and their son, Ronald D. Blubaugh. (A Diane White, who worked in the Blubaughs' office, and was one of the directors, along with Ben and Vera Blubaugh, of Kaw Drilling Company, owned the other twenty-five per cent of its stock. A like percentage of the stock in Blubaugh, Inc., was owned by one Rita Wilson.) The same members of the Blubaugh family later became majority stockholders and directors in the newly organized corporation called "Ron Drilling Company". Ronald D. Blubaugh and Ben Blubaugh are president and secretary-treasurer, respectively, of this corporation, as they were of Blubaugh, Inc.

After the new company, hereinafter referred to merely as "Ron", was organized, it leased from Kaw Drilling Company a drilling rig, on which the First National Bank, Tonkawa, Oklahoma, hereinafter referred to merely as the "Bank", had a chattel mortgage. To finance performance of its drilling contracts, Ron obtained loans, and/or advancements, from the Bank, and, with its earnings, made the loan payments to the Bank, that were secured by this mortgage, as they became due.

One of the drilling contracts Ron obtained, to perform with the rig, was a contract it entered into with Magic Circle Oil Company. Under this contract, the Oil Company, hereinafter referred to merely as "Magic", forwarded to the Bank, on January 17, 1967, a Cashier's Check for $12,000.00, with a letter directing the Bank to transmit the check's proceeds to Ron, when the latter had performed the drilling prescribed in the contract, and all invoices, in connection with the work, had been paid. It was in an effort to reach the proceeds of this check for the satisfaction of its aforementioned judgment against Blubaugh, Inc., and its successor, Kaw Drilling Company, in Cause No. 26830, supra, that plaintiff in error, hereinafter referred to as "garnisher", instituted the garnishment proceedings, involved herein, against the Bank and Magic.

The garnisher's efforts to subject the check's proceeds to the payment of its said judgment in that case were made by the simple device of typing Ron's name, as a "defendant" (along with Blubaugh and Kaw) into the caption of Case No. 26830, supra, shown on various garnishment summonses it caused to be issued and served upon Magic and the Bank, alleging in the affidavits that Ron was a successor of Blubaugh and/or Kaw.

The question of whether garnisher can, by this means, subject this property of Ron to payment of garnisher's judgment against Blubaugh and Kaw, was raised by motions, filed by the Bank, Magic, Ron, and Blubaugh, to quash the garnishment summonses. In its motion to quash, Magic disclosed its drilling contract with Ron, but

alleged, in substance, that Ron had not yet completed the drilling it was obligated to perform thereunder, and accordingly, it was not then indebted to Ron (in the amount of the hereinbefore mentioned check's proceeds), that no judgment had been rendered against Ron, and that it had never been indebted to Blubaugh.

On the ground that Magic had not filed an answer to the garnishment summons served upon it, the garnisher thereafter, on February 3, 1967, obtained a purported default judgment against it. To the last garnishment summons served on the Bank, garnisher attached interrogatories.

Thereafter, on February 8, 1967, Ron filed a motion for leave to intervene for the declared, sole purpose of obtaining an order discharging it from the garnishment proceedings and being relieved of having its business interfered with, "as pertains to the controversy involved in the original action between the original parties * * *".

On the same day (February 8th), the Bank filed a motion to quash the interrogatories served upon it, as aforesaid, and five days later, garnisher filed a motion for a default judgment against said Bank on the ground that it had not answered the interrogatories ("as provided by law within five days from date of service * * *").

When the proceedings came before the court at a hearing on February 27, 1967, the court expressed his opinion that Ron was not a party to the proceedings and that, without a court order pursuant to an application to make it such party (and/or the pleading of facts sufficient to render it liable for the debt merged into Cause No. 26830's judgment against Blubaugh and its admitted successor corporation, Kaw), the garnisher's various garnishment affidavits and summonses were impotent to make Ron such a party. The court indicated his further opinion that if, in some manner, Ron could then be made a party to the original action, this could not be effective retroactively so as to constitute it a judgment debtor (under the above described money judgment previously rendered against only Blubaugh and Kaw), at the time the garnishment summonses had been issued and served upon the Bank and Magic. Thereupon, pursuant to an oral application by its attorney, Ron was allowed to withdraw its above described motion for leave to intervene, and the garnisher was allowed to file a motion to make Ron a "party herein, for the reason that Ron Drilling Company, insofar as plaintiff's claim is concerned, is one & same as Blubaugh, Inc., & Kaw Drilling Company." The court reserved ruling on whether, or not, the Bank would be allowed time within which to answer the garnishee interrogatories that had been served upon it, as aforesaid, pending the introduction of evidence on the garnisher's motion to make Ron a party.

On the day of the hearing, Magic filed a motion to vacate the default judgment garnisher had obtained against it, as garnishee, on February 3rd, as aforesaid.

After hearing evidence from the Bank and its President, to the effect that said Bank had no money, or thing of value, belonging to Blubaugh, or its successor, Kaw, when the aforesaid garnishment summonses were served upon the Bank, and establishing, among other things, the facts hereinbefore related, and after it was stipulated, among other things, that there had been no transfer of assets from Blubaugh to Ron, but that Ron had made the mortgage payments on the aforesaid drilling rig as they became due, the court rendered a judgment in which it found, among other things, that, at the time the aforesaid garnishment summonses had been issued and served, Ron was not a party to the action, and that said summonses, insofar as they purported to pertain to that Company, were wholly void and of no effect. The court also found that Ron was not liable for Kaw's debts. In the decretal part of the judgment, the court ordered Ron made a party to the action, but it set aside the garnisher's previous default judgment against Magic, and sustained Magic's motion to quash the writ

of garnishment that had been issued and served upon it. The court also overruled the garnisher's motion for default judgment against the Bank, determined, in favor of the Bank, the issues joined between it and the garnisher·on the Bank's answer to the garnishment summons served upon it, and held "moot" not only the Bank's motion to quash said summons and the interrogatories served upon it but also Blubaugh's aforementioned motion to quash.

In and under the first·proposition it urges for the reversal of· said judgment, garnisher contends that Ron was merely an extension of Kaw and Blubaugh, and the alter ego thereof, and that the references, in the aforementioned garnishment affidavits, to· Ron as a successor in interest to Kaw and Blubaugh were sufficient to place in issue, in the garnishment proceedings, the question of Ron's liability for Kaw's debts. In its brief, garnisher seeks to have us review the trial court's finding as to Ron's liability for Kaw's debts, before considering other questions; but then it says that, after this is done, " * * * we have the problem as to whether or not Ron was properly before the court in the garnishment proceedings * * *".

█ █ In our opinion, the only crucial question in this appeal, particularly as it concerns the assets sought to be reached. by the garnishment proceedings involved herein (that is, the proceeds of Magic's cashier's check) is whether this could be done, in advance of a court determination that Ron was liable, as a judgment debtor (along with Blubaugh and Kaw), in Case No. 26830, although (as hereinbefore indicated) no party, by that name, was mentioned in that action, or in the money judgment entered therein. In our opinion, it is elementary that jurisdiction to control money, or an interest or potential interest, therein, belonging to an ostensible stranger to a judgment, can never be obtained in garnishment proceedings, instituted *after* the judgment, before it has been judicially determined that such party

is, or should have been, a judgment debtor under the judgment. To hold otherwise, and to allow ·a garnisher to bring into judicial custody the property of such a stranger, by the simple device of writing its name into garnishment affidavits and summonses in such a way as to make it appear that such party had been a "defendant" in the action in which the judgment was entered, would make a mockery of due process, defeat the ends of justice, encourage sharp practice, and result in chaos.

█ Nor do we think, as garnisher contends, that Ron entered its general appearance, in the garnishment proceedings, by filing its motion for leave to intervene. See Phoenix Bridge Co. v. Street, 9 Okl. 422, 60 P. 221, and compare with Service Printing Co. v. Wallace, 179 Okl. 58, 64 P. 2d 863. A pleading is judged by its content, rather than its title (Boose v. Hanlin, Okl., 346 P.2d 932); and an examination of said motion's content readily shows that it was filed merely to challenge the garnisher's claimed right to garnishee it and the court's jurisdiction to adjudicate such a claim of right.

█ Nor do we think the finding, in the trial court's hereinbefore described judgment, that Ron was not liable for Kaw's debts, constitutes reversible error. In our opinion, such finding was premature, before Ron, after correctly becoming a party defendant to the proceedings, had been given the opportunity, required by due process, to file an answer in the proceedings. We think said finding may be considered, in the present appeal, as surplusage and irrelevant, as concerns the decretal portion of the judgment herein challenged, and the issues dealt with therein. In this connection, see City of Village v. McCown, Okl., 446 P.2d 380, Mortgage Bond Company v. Stephens, 181 Okl. 419, 74 P.2d 361, and 5 Am.Jur.2d, "Appeal and Error", § 619, at footnote 5. Parenthetically, we need not herein determine whether such finding may be regarded as res adjudicata of any issue that

may correctly be raised later in the garnishment proceedings.

In view of the conclusions above announced, we think it is unnecessary to discuss, or express an opinion on, any of the garnisher's other arguments. Accordingly, the judgment of the trial court is hereby affirmed, and this cause is remanded to said court for further proceedings not inconsistent with these views.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, JACKSON, HODGES and LAVENDER, JJ., concur.