**NOGALES AVENUE BAPTIST CHURCH, Appellee,**

v.

**Archie R. PEYTON, d/b/a Archie's Air Conditioning Company, Defendant,**

**Mid-Continent Casualty Company, Appellant.**

No. 50273.

Supreme Court of Oklahoma.

March 21, 1978.

Haugher, Price & Northrop, P. A., Arthur G. Price, Cyrus A. Northrop, Tulsa, for appellee.

Gibbon, Gladd, Clark, Barnes & Taylor, P. A., Richard D. Gibbon, Robert N. Barnes, Tulsa, for appellant.

LAVENDER, Vice Chief Justice:

Archie R. Peyton (contractor) operated an air conditioning company. Some fifteen or twenty years ago, that company installed the air conditioning system for Nogales Avenue Baptist Church (owner), appellee. Owner usually used contractor for servicing the system. That company was servicing

the system on July 26, 1974. Company's servicemen came to owner's building in the early afternoon and left around 4 or 4:30 P.M. Peyton was personally there at least some of the time. Around 6:00 P.M. a water leak was discovered that resulted in property damage.

Owner brought suit against contractor seeking recovery for property damage. This resulted in a default judgment being granted to owner against contractor. That judgment found the contractor was negligent in performing the servicing based principally on placing an acid chemical into the system for cleansing purposes and not draining and flushing the acid from the system. This caused pipes to be eaten through and water damage to owner's property. Money judgment was entered for some $9,779.00.

As judgment creditor, owner brings garnishment proceedings against judgment debtor's insurer, Mid-Continent Casualty Company (garnishee). Denial of insurance coverage in the garnishee's answer was placed at issue. On hearing, trial court sustained the garnishment and entered judgment, including an attorney's fee of an agreed amount of $1,250, against garnishee insurer. That garnishee appeals.

Garnishee argues lack of insurance coverage for, (1) contractor's operation was completed and a completed operation is expressly excluded under the contract of insurance; and (2) owner charged with lack of cooperation by contractor with insurer so as to defeat coverage.

The insurance policy defines the excluded "completed operations hazard" as an operation completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,

(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Garnishee says the service operation was completed, but negligently so. At conclusion of the hearing, the trial court determined the proof showed the work had not been completed. Review of the record shows the contractor in his deposition, introduced into evidence, testified the job would not be completed until there was a flushing out of the chemicals. Owner's employee turned the system on, but at the request of the contractor so as to allow the "stuff circulated through the machines to clean them out." This was a Friday and there is no evidence the system was turned on for the purpose of cooling the building for the church owner's use.

A garnishment proceeding by judgment creditor against insurer debtor is in the nature of an action in equity. *Moral Ins. Co. v. Steves,* 208 Okl. 529, 257 P.2d 836 (1953). In a case of equitable cognizance, there is a presumption in favor of the trial court's finding and the judgment will be affirmed unless the findings are clearly against the weight of the evidence. *Stillwater Ind. Found., Inc. v. State ex rel. Bd. of Reg.,* Okl., 541 P.2d 173, 176 (1975). We cannot say the findings and ruling of the trial court on the garnishment proceeding was clearly against the weight of the evidence. The service operation of the contractor was not completed. There was need to circulate the cleaning acid. That was the reason for turning on the system. The acid had yet to be flushed from the system. The operation causing owner's damage was not a part of a completed contract so as to come under the excluded "completed operations hazard" in the contract of insurance.

Garnishee would charge owner with the contractor's lack of cooperation. But, we have difficulty in finding such a lack of cooperation by the contractor so as to defeat coverage. Garnishee says its decision to deny coverage and not defend the tort

action was based on contractor's misleading statement given to the insured as indicated by his deposition. Insurer says the statement indicates Peyton personally did the work on the service call and had completed it. Tenor of Peyton's deposition shows he presumed his employees had completed the servicing which would include the flushing out of the acid. We do not have before us the circumstances surrounding the giving of the statement. It was insurer's choice to limit its investigation to that one statement of approximately 125 words and deny coverage based thereon. The casting of the statement in first person may be explained by Peyton being an individual doing business as Archie's Air Conditioning Company. Peyton's deposition enlarges his understanding the service job was completed by assuming his employees had done a complete job. The trial court found "no direct evidence that they (the insurer) had been misled or in any way overreached by their insured" (explanation added). We cannot say that finding and ruling of the trial court on the garnishment proceeding were clearly against the weight of the evidence. *Stillwater Ind. Found, Inc., supra.*

By motion, appellee seeks additional attorney's fee for this appeal. Appellant agrees the prevailing party is entitled to a reasonable attorney fee under 12 O.S.1971, § 1190. We note appellee was awarded attorney's fee in the amount of $1,250 in the trial court's judgment. Here, we grant an additional attorney's fee of $500 to appellee.

Affirmed.

All of the Justices concur.