Millard Wayne SPEARS, Appellant,

v.

Harold Stanley PREBLE, Jr., Joyce P. Lambert and Michael Lambert, Defendants,

and

State Farm Mutual Automobile Insurance Company, Appellee.

No. 54461.

Supreme Court of Oklahoma.

Feb. 1, 1983.

As Corrected Feb. 28 and May 2, 1983.

Rehearing Denied May 3, 1983.

1338

Hall, Estill, Hardwick, Gable, Collingsworth & Nelson by Frank M. Hagedorn, Tulsa, for appellant.

Thomas L. Palmer, Inc. by John R. Caslavka, Tulsa, for appellee (cross-appellant) State Farm Mut. Auto. Ins. Co.

HODGES, Justice.

This appeal arose as the result of a garnishment proceeding brought by Millard Wayne Spears (Spears), appellant, to collect a $14,530.00 judgment against State Farm Mutual Insurance Company (garnishee), appellee. Judgment was rendered in a reduced amount for $7,700.90. Spears and State Farm each appeal.

On July 26, 1976, Harold Stanley Preble, Jr. (Preble), the natural son of Joyce P. Lambert, borrowed the car owned by his mother and stepfather, Michael Lambert (Lamberts), with the instruction from his stepfather that the car be returned by 11:30 p.m. Preble burglarized a house, and some of the stolen items were observed by Millard Wayne Spears, a deputy sheriff. A high speed chase ensued, in which bumping of the cars occurred, followed by an exchange of gunshots. The Lambert car was driven through the wrong gate of the Tulsa Turnpike at the Sapulpa exit, and when Preble applied his brakes in an attempt to get back on the right side of the road, the Spears vehicle hit it from the rear.

The garnishment action was tried to the court without a jury on August 15, 1979. The court found that: Preble was not a member of the Lambert household at the time of the accident; the collision was an accident; Preble had "no intent to do harm;" Preble had permission to use the car, but he did not have permission to commit a burglary; and that the accident occurred within the period of time that he had permission to use the car. The court further found that both parties were negli-gent—Spears 47% and Preble 53%. On October 17, 1979, judgment was rendered in favor of Spears against Preble and State Farm in the amount of $7,700.90 plus interest at the rate of ten percent per annum from April 27, 1978. A motion for new trial was denied on November 21, 1979.

As a result of the trial court's finding of comparative negligence in a garnishment proceeding, Spears filed a petition in error November 27, 1979. State Farm filed its petition in error December 18, 1979, alleging that: the trial court did not have jurisdiction over Preble; Spears failed to timely take issue with the garnishee's answer; Preble was operating the car outside the scope of his permission; the trial court erred in entering default judgment at the time the demand for jury trial was pending; and the policy did not cover intentional torts caused during the commission of a crime.

I

We will first consider Spears' contention that State Farm's counter-petition in error should be dismissed because it was filed out of time in violation of Rule 1.18.[1] This rule allows a "cross-appeal," "counter-appeal," or separate appeal from the same decision within ten (10) days from the original petition in error.

Spears points out his petition in error was filed on November 27, 1979, and that State Farm's counter-petition in error was *not* filed within ten days from that date, and hence should be dismissed. We disagree. Title 12 O.S.1981 § 990 allows an appeal within thirty (30) days from the rendition of a final order; and because the final order in this case was rendered on

---

1. Rule 1.18 provides in pertinent part:

Multiple appeals

"(a) Cross-appeal, counter-appeal or separate appeal from same decision.

"If opposing party or parties have timely filed petition in error in any cause then any party aggrieved by the same decision or by different appealable decisions in the same case shall be entitled to file his petition in error 10 days from the date petition was originally filed by an opposing party or parties. The clerk of this court, when requested so to do, shall file all such petitions in error under the same docket number, and this court may determine which petition in error shall be regarded as bringing a counter-appeal, a cross-appeal or a separate appeal from the same decision. Only one cost deposit prescribed by statute shall be required in this court for multiple appeals from the same case filed under the same number. This cost deposit shall be paid by the party who first shall file a petition in error in this court."

November 27, 1979, State Farm's counter-petition was timely filed within the thirty day period, on December 18, 1979.

## II

We will next consider State Farm's petition in error.

### A.

■ State Farm argues that the default judgment was void because the summons was improperly returned and, therefore, the trial court lacked personal jurisdiction over Preble at the time judgment was entered; Spears counters that State Farm should not complain because State Farm's attorneys: 1) knew that Preble had been served; 2) participated in taking Preble's deposition, and 3) were representing the Lamberts and present in the courtroom when the trial court called the case for jury trial and entered default judgment. We agree with Spears' contentions. Preble's deposition was taken on May 19, 1977. The attorney representing the Lamberts and State Farm was present when Preble admitted that he was a named party defendant in the case, and that he had been served with summons.

We have examined the summons and find that the summons was, in fact, served on the defendant Preble, and find that the defect in the return of the summons was in form only. Title 12 O.S.1981 § 154.2 specifically provides that the defects in the form of the return do not constitute grounds for quashing the summons or its service.[2]

### B.

State Farm asserts that the garnishee summons was fatally defective, and that the summons contravened the directive of 12 O.S.1981 § 1180[3] because it directed the garnishee to file its answer within ten days instead of within twenty days from the date of service. The trial court denied State Farm's motion to quash and plea to jurisdiction and gave the garnishee twenty days to answer. The Court of Appeals, relying on *Aggers v. Bridges,* 31 Okl. 617, 122 P. 170 *(1912)* and *State v. Parks,* 34 Okl. 335, 126 P. 242 *(1912)* agreed with the garnishee's position, and reversed and remanded the cause.

■ We find that the garnishee suffered no prejudice by the court's amendment of the summons from ten days to twenty days. The court, pursuant to 12 O.S.1981 § 317, has the power to correct any mistake in process which does not change the nature of the transaction or occurrence which is the subject of the claim or defense.[4] To the extent that *Aggers v. Bridges,* supra, and *State v. Parks,* supra, are inconsistent with this holding, they are hereby overruled.

### C.

State Farm alleges that the trial court erred in overruling its motion to dismiss based on the assertion that Spears failed to

2. It is provided by 12 O.S.1981 § 154.2:
 "Defects in the form of the return of a summons do not constitute grounds for quashing the summons or its service."

3. Title 12 O.S.1981 § 1180 Provides:
 "The answer of a corporation summoned as a garnishee may be made by any officer or attorney thereof; and of any other garnishee; by any agent or attorney, in his behalf, who shall be acquainted with the facts. When neither the president or other head of such corporation, nor the secretary, cashier, or managing agent thereof, shall reside or live, or keep his office or place of business in the county when (where) the action is pending, the answer of such garnishee shall not be required in less than twenty (20) days from the service of the order and notice, and interrogatories, if any."

4. It is provided by 12 O.S.1981 § 317:

"This court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change the nature of the transaction or occurrence that is the subject of the claim or defense' and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

See also *Cartwright v. Atlas Chemical Industries, Inc.,* 623 P.2d 606, 610 *(Okl.1981).*

take issue with the garnishee's answer within twenty days, pursuant to 12 O.S.1981 § 1177.[5]

■ On October 2, 1978, State Farm filed a pleading entitled "General and Special Demurrer and Answer Affidavit of Garnishee." Ten days later Spears requested additional time from the court to file a response to the demurrer; he was given until October 24, 1978 to respond. On October 20, 1978, without notice, the court entered its order overruling State Farm's general and special demurrers. Although the records of the minutes of the Court Clerk show that a copy should have been sent to appellant's attorneys, Spears contends no notice was ever received. Spears, believing that the demurrers were still pending before the court, filed a motion for judgment under Rule 13 in April, 1979. Thereafter, State Farm filed a motion to dismiss and Spears allegedly learned for the first time that the general and special demurrers had been overruled in October. A hearing was held in June after Spears filed a response to the motion to dismiss stating notice had not been received of the court's order overruling the demurrers. Spears argued that State Farm would not be prejudiced if the court permitted him to take election against the answer affidavit at that time. The trial court found that notice of the order had not been given to Spears and allowed additional time for him to file his election. The court also found that State Farm had not been prejudiced by the court's ruling. Spears filed his election to take issue with the garnishee's answer June 19, 1979, within the time granted by the court.

Statutes circumscribing intervals during which pleadings may be filed have general-ly been construed to fix a limit beyond which the pleading may not be filed without permission.[6] Extension of time to file an election to take issue with the answer of the garnishee is discretionary,[7] not jurisdictional,[8] and in the absence of a showing of prejudice to garnishee; we find that under the circumstances, no error was committed.

### D.

Garnishee also denies that it has any liability to Spears because Preble was not a permissive user under the terms of the policy. It is the garnishee's contention that Preble was given permission to use the car for the sole and restricted purpose of going to visit a doctor, and not to commit a burglary. However, the trial court found that a general permission to use the car had been given to Preble by his stepfather with the only restriction being the return of the car by 11:30 p.m. While the evidence is disputed, there was substantial evidence to support this finding.

■ We adopt the rule that once general permission is given to a person to use a car, the accident is covered by the policy even though the particular use was not contemplated by the owner. *West American Ins. Co. v. Allstate Ins. Co.,* 295 F.2d 513 *(10th Cir.1961).*

■ The policy, with certain exceptions, states that State Farm will pay all sums the insured is legally obligated to pay as the result of property damage or bodily injury arising from the use of the owned motor vehicle. The policy provides that use or operation by a non-owner must be with the permission of the owner or person in lawful possession and within the scope of the per-

---

5. It is provided by 12 O.S.1981 § 1177 in pertinent part:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, with reference to his liability to the defendant unless the plaintiff shall within twenty (20) days serve upon the garnishee or his attorney of record personally or by certified mail, return receipt requested, a notice in writing that he elects to take issue on his answer; in which case the issue shall stand for trial as a civil action in which the affidavit on the part of

the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto...."

6. *Casualty Corp. of America v. Turner,* 458 P.2d 907, 909 *(Okl.1969).*

7. *Underwriters v. Cannon,* 538 P.2d 210, 212 *(Okl.1975).*

8. See *Educators Automobile Ins. Co. v. Jones,* 428 P.2d 277 *(Okl.1967).*

mission. Preble fell within the general or unlimited permissive use because no use or restrictions were given from which the permissive user could deviate, and State Farm is liable for damages to Spears.

### E.

■ The Lamberts were served and they filed a general entry of appearance, demurrers and answers and a demand for jury trial. On April 20, 1978, while this action was pending on a demand for jury trial, Spears recovered a default judgment against Preble for $14,530.00. State Farm challenges the entry of default judgment against Preble during the time the action was pending against the Lamberts on a demand for jury trial, and cites *Electrolytic Chlorine Co. v. Wallace & Tiernan*, 328 Mo. 782, 41 S.W.2d 1049 *(1931)* in support of its position. *Electrolytic Chlorine* held that there could be no valid judgment for damages assessed against the defaulting defendant because an action was pending against a co-defendant; and that the judgment must be in one amount against all who were not discharged. Spears counters that appellee's counsel was present when the request was made that default judgment be entered against Preble; the Lamberts were never required to defend the issues because they were dismissed by agreement; the Lamberts were not required to go to trial; and only one final judgment was entered.

■ According to *Electrolytic Chlorine*, the success of a non-defaulting defendant will inure to the benefit of the defaulting defendant. Therefore, had the Lamberts gone to trial and successfully defended the claim, Spears could not have recovered against Preble. This issue was not before the court and no prejudice has resulted. Even where a party has the right to have a judgment by default set aside, until the judgment is vacated, it must be regarded as a subsisting and regular judgment.

### F.

Finally, State Farm contests the finding by the trial court that the policy provided coverage because the injuries were the result of an accident. It asserts that the injuries were the result of Preble attempting to elude arrest and that Preble committed an intentional tort. The case relied on by State Farm, *Allstate Ins. Co. v. Hiseley*, 465 F.2d 1243, 1248 *(10th Cir.1972)*, also involved a high speed chase. The 10th Circuit found that Hiseley intended to commit bodily injury damages and, therefore, coverage was expressly excluded. In this instance, the court specifically found Preble had no intent to do harm [9] and that there was no intentional act committed. The court found, based on evidence before it, that the cause of the wreck was that Preble suddenly stopped his vehicle, but without any intent to harm Spears.

■ In a garnishment proceeding, there is a presumption in favor of the trial court's finding and the judgment will be affirmed unless the findings are clearly against the weight of the evidence.[10] We cannot say that the findings of the trial court were clearly against the weight of the evidence. Therefore, the conclusion reached by the court that there was, in fact, no intentional accident must stand.

### III

We next consider appellant's (Spears) petition in error. Spears contends that the court erred when, on its own impetus, it calculated comparative negligence in the garnishment action at 47% for Spears and 53% for Preble, and reduced the amount of the original judgment accordingly. It is argued by Spears that because the insurer declined to defend Preble at the time the original suit was pending, the degree of negligence of the parties should not have been considered in the garnishment proceeding. Spears asserts that the issue in garnishment should have been restricted to

---

**9.** See *Snyder v. Nelson*, 564 P.2d 681 *(Or.1977)*.

**10.** *Nogales Ave. Baptist Church v. Peyton*, 576 P.2d 1164, 1165 *(Okl.1978)*.

a determination of whether Preble was a permissive user of the Lambert automobile.

 The trial court lacks jurisdiction to enter an order which concerns a matter outside the scope of the issues.[11] A judgment outside or beyond the issues of a case and on a matter unsubmitted for determination is a nullity.[12] The remedies of attachment and garnishment are in aid of and ancillary to the main action, and have nothing to do with the merits.[13] Although the necessity of proof of the insurer's liability under the terms of the policy cannot be dispensed of because of garnishment proceedings, neither can the liability be created, enlarged,[14] or reduced by the proceedings. The trial court exceeded its authority. Judgment is hereby entered in favor of Spears for the amount of the final judgment of $14,530.00 with interest from the date of judgment April 27, 1978, and the cause is remanded to the trial court to determine attorney fees and costs.[15]

CERTIORARI GRANTED; JUDGMENT OF THE TRIAL COURT AFFIRMED; OPINION OF THE COURT OF APPEALS, DIVISION NO. I, WITHDRAWN AND VACATED; REMANDED FOR AWARD OF ATTORNEY FEES.

SIMMS, V.C.J., and IRWIN, LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

OPALA, J., concurs in result in parts I and II(a) and generally in the remainder.

BARNES, C.J., dissents.

11. See *Bill Hodges Truck Co. v. Kaw Drilling Co.*, 465 P.2d 757, 760 *(Okl.1970)*.

12. *Moral Ins. Co. v. Steves,* 208 Okl. 529, 257 P.2d 836, 839 *(1953)*.

13. *State v. Harris,* 349 Mo. 190, 159 S.W.2d 799, 805 *(1942)*.

14. See *Moral Ins. Co. v. Steves,* note 13, supra.

15. See 12 O.S.1981 § 1190.

1. Rule 1.18(a), Rules of Appellate Procedure, 12 O.S.1981 Ch. 15, App. 2.
 This rule provides in pertinent part:
 "If opposing party or parties have timely filed petition in error in any cause then any party

OPALA, Justice, concurring in result in Parts I and II(a) and generally in the remainder:

## PART I

The two appeals before us here are from the same order in a post-judgment garnishment proceeding against the debtor's alleged public liability carrier (insurer). The creditor (Spears) recovered less than his entire judgment. Corrective relief is sought from the *November 21* order that denied new trial. The first appeal by Spears was brought *November 27,* the second one by the insurer *December 18.*

Spears urges dismissal of the insurer's appeal. It is perceived to be out of time. Under Rule 1.18(a),[1] Spears argues here, *any* later-filed appeal from the same decision must be brought within ten (10) days of the time the earlier (original) appeal was commenced. I reject the argument on grounds different from those given by the court.

In my view, both appeals are timely. *Each* was lodged here within the thirty-day period prescribed in § 990.[2] That period runs from the judge's pronouncement of an appealable decision. Its commencement cannot be triggered or retarded by the act of a litigant. The period is fixed by statute and must be uniformly applied to *all* appeals. Neither its abridgment nor elongation is legislatively sanctioned. Every proceeding-in-error—be it called principal (original), counter or cross-appeal—*is governed by the same statutory time span.*

aggrieved by the same decision or by different appealable decisions in the same case *shall be entitled to file his petition in error 10 days from the date petition was originally filed by an opposing party or parties.* * * *" [Emphasis added].

2. 12 O.S.1981 § 990 provides in pertinent part:
 "An appeal to the Supreme Court may be commenced from an appealable disposition of a court or tribunal by filing with the Clerk of the Supreme Court a petition in error, *within thirty (30) days from the date of the final order or judgment* sought to be reviewed. * * *" [Emphasis added].

The power vested in this court by § 990(a) —to provide by rule for the filing of cross-appeals [3]—affords no valid basis for a rule-generated change in the terminal date for bringing a cross-appeal. Under the cited section our rule-making function must be carried out *"in furtherance"*, rather than in contravention, of the statutorily structured "appeal method". *That method prescribes but a single time limit.* In the exercise of authority conferred on it by § 990(a) this court can do no more than fashion orderly procedure for the accommodation of those litigants who bring here for review *the same decision* that another party in the case has already tendered for corrective relief by an earlier appeal.

There is another, and equally cogent, reason for applying to both appeals here the thirty-day limit in § 990. The insurer's petition in error does not, *stricto sensu,* bring a *cross-appeal* but rather a counter-appeal.[4] Section 990 makes no explicit or implicit reference to that class. Because it fails to recognize counter-appeals as a category separate from others for commencement time purposes, there exists *absolutely no statutory warrant for changing by rule the legislatively-prescribed terminal date for their institution.*

I regard as legally uncountenanced, and hence inefficacious, *any* provision in Rule 1.18(a) which establishes a different appeal time for counter-appellants or cross-appellants from that which stands legislatively prescribed by § 990.[5]

## PART II(a)

My reasons for concurring in this part of the court's opinion also differ from those articulated by the court.

A fatal defect in the form of the return of a summons can never save a judgment from being void on the face of the roll—not even when such flaw would have been amendable and hence could have withstood an attack upon it by motion to quash. See 12 O.S.1981 § 154.2. In my view, until a fatally defective return is found amendable and is allowed to be amended *nunc pro tunc,* it will continue to taint the face of the roll and render the judgment void.

Because the record in this case shows that the insurer, acting for the insured, did make a general appearance at a deposition hearing in the action, I would hold that the insurer is estopped in this garnishment proceeding from challenging the return as defective. The voluntary appearance then made for the insured defendant in the case is to be deemed equivalent to service upon him. 12 O.S.1981 § 162. See *ABC Drilling Co., Inc. v. Hughes Group,* Okl., 609 P.2d 763, 769–772 [1980] (Opala, J., concurring in part and dissenting in part).

I concur generally in the remainder of the court's pronouncement.

---

**3.** The pertinent part of § 990, by which the rule-making power is granted, is:

"The Supreme Court shall provide by court rules, which will have the force of statute, *and be in furtherance of this method of appeal:* (a) *For the filing of cross-appeals . . ."* [Emphasis added].

**4.** A true cross-appeal is one brought by an appellee in the original appeal who seeks relief against another appellee only, while a counter-appeal—much like a counter-plea or counter-claim—is one by an appellee who invokes the court's appellate jurisdiction for relief against the original appellant. The status of original appellant thus depends entirely on who, among the multiple aggrieved parties below, wins the

race to the clerk's office. As the "original appellant", the winner of the race to this court does not occupy or earn a status of special privilege or advantage.

**5.** Before Rule 1.18(a) was amended October 5, 1978, state and territorial law *always* provided but *one* time limit during which *any* party to an appealable decision could bring a proceeding-in-error. *Paulter v. Manuel,* 25 Okl. 59, 108 P. 749, 751 [1910]; *Board of County Com'rs of Kiowa Co. v. Kiowa Nat. Bank,* 166 Okl. 255, 27 P.2d 338 [1933] and *Mee v. Corporation Commission,* Okl., 293 P.2d 593 [1956]; see also *Smith v. State Industrial Court,* Okl., 408 P.2d 317, 320 [1965].