## McDOUGALD v. INCORPORATED TOWN OF BROKEN BOW et al.

No. 8937—Opinion Filed Dec. 10, 1918.

(176 Pac. 959.)

(Syllabus.)

1. **Municipal Corporations—Expenditures—Construction of Buildings—Ballot.**

The term "for the purpose of providing funds for purchasing a site and constructing a building thereon for a town hall and jail, and furnishing same, to be owned and controlled exclusively by said town," printed on the ballot used at an election held for the purpose of submitting to the qualified electors of a municipality the question of incurring indebtedness for the construction of public utilities under section 27, art. 10, of the Constitution, is sufficiently specific to apprise the voters of said municipality of the nature of the proposed public utility within the contemplation of said section of the constitution.

2. **Municipal Corporations—Bonds—Sinking Fund — Constitutional Provisions — "Within."**

That part of section 27, art. 10, of the Constitution, which provides that a sinking fund shall be created sufficient to pay the interest on the indebtedness incurred for public utilities as it falls due and the principal thereof within 25 years from the time of contracting such indebtedness, contemplates that the bonds issued under said section should run for a period of time not to exceed 25 years, and does not mean that said bonds must run for the full term of 25 years, and the issuance of bonds for the term of only 15 years does not violate said section (citing Words and Phrases, First and Second Series, "Within").

Error from District Court, McCurtain County; C. E. Dudley, Judge.

Action for injunction by J. C. McDougald against the Incorporated Town of Broken Bow and others. From an order denying the injunction, plaintiff brings error. Affirmed.

H. M. Kirkpatrick and J. S. Kirkpatrick, for plaintiff in error.

George P. Glaze, for defendants in error.

RAINEY, J. This action was instituted in the district court of McCurtain county, Okla., by J. C. McDougald against the incorporated town of Broken Bow, Billy Morgan, Ed D. Scott, Wesley Blackburn, Albert Hicks, Jack Wright, and J. C. Metcalf, clerk, and their successors in office, to enjoin the issuance of coupon bonds of the municipality of Broken Bow to raise funds to construct a town hall and jail, as authorized at an election held for that purpose, as provided by section 27, art. 10 of the Constitution. From the order denying the injunction Mr. McDougald has appealed to this court. The proposition, as submitted and adopted by the electors of said town, reads as follows:

"Proposition: Shall the town of Broken Bow, McCurtain county, Oklahoma, incur an indebtedness by issuing its negotiable coupon bonds in the aggregate principal sum of seventeen thousand five hundred dollars, for the purpose of providing funds for purchasing a site and constructing a building thereon for a town hall and jail, and furnishing same, to be owned and controlled exclusively by said town and levy and collect an annual tax upon all the taxable property in said town in addition to all other taxes, sufficient to pay the interest on said bonds as it falls due, and also to constitute a sinking fund for the payment of the principal thereof when due, said bonds to bear interest at the rate of six per cent. per annum, payable semiannually and to become due within fifteen years from this date."

It is claimed that the ordinance adopted is invalid: First, because the language of the proposition submitted to wit, "for the purpose of providing funds for purchasing a site and constructing a building thereon for a town hall and jail, and furnishing same," is too indefinite and uncertain to apprise the voters of the nature of the public utility proposed to be constructed within the meaning of section 27, art. 10, of the Constitution; and, second, that bonds issued pursuant to said constitutional provision must run for the full period of 25 years, and, since the ordinance provides for the maturity of the bonds authorized within 15 years, their issuance would be in violation of said constitutional provision.

Our own decisions are decisive of the first question presented. In Coleman v. Frame, County Clerk, et al., 26 Okla. 193, 109 Pac. 928, 31 L. R. A. (N. S.) 556, it was held that a proposition attempting to refer to the qual-

ified property tax paying voters of a city whether said city should be allowed to become indebted for the purchase, construction, or repair of public utilities under section 27, art. 10, supra, must be stated in such specific language as to apprise the voters of the nature of the public utility the city wishes to purchase, construct or repair. Relative to the sufficiency of the ballot title on a proposition submitted under section 27, art. 10, of the Constitution, supra, this court, in City of Woodward et al. v. Raynor, 29 Okla. 493, 119 Pac. 964, said:

"When the ballot title submitted at said election, as it did, the proposition of the incurring of an indebtedness by the city of $30,000 for the purpose of providing funds for the construction of an electric light plant to be owned exclusively by said city,' the same was sufficiently specific, as to the nature of the public utility the city wanted to construct, to fall squarely within the rule laid down in that case. The requirement to apprise the voter of the 'nature' of the public utility· meant that the ballot title should in specific language notify him only of the kind, sort, or character of such public utility. In State v.. Murphy, 23 Nev. 390 [Pac. 628], following State v. Birchim, 9 Nev. 95, the word 'nature,' when used in a statute requiring a recognizance in a criminal case to state the nature of the offense of which the defendant was charged, was held to mean the sort, kind, character, or species of the offense. See, also, Web. Inter. Dict.

"In State ex rel. v. Miller, Mayor, et al., 21 ' Okla. 148, 96 Pac. 747,· we held that: 'The term, "for the construction of waterworks in said city, to be owned and operated by said city," printed on the ballot used at an election held for the purpose of submitting to the qualified electors of a municipality the question of incurring indebtedness for the construction of public utilities under section 27, art. 10, of the Constitution, is sufficiently comprehensive to include such work as re-equipping and making extensions to an existing water-works system."

"Hence, by notifying him that the kind of public utility proposed was 'an electric light plant to be owned exclusively by the city, the voter was sufficiently apprised of the nature of such utility within the contemplation of the rule in the Frame Case and said section of the Constitution."

In Oklahoma City et al. v. State ex rel. Edwards, 28 Okla. 780, 115 Pac. 1108, this court held that the terms "erecting and equipping public·fire stations and purchasing equipment therefore to be devoted to the public use and to be owned by said city," and "purchasing and installing street cleaning equipment and machinery to be devoted to the public use and to be owned exclusively by said city," were sufficiently specific under section .27, art. 10, supra, to apprise the voters of the nature of the public utility the city wish to purchase, construct, or repair.

The suggestion made that in the proposition submitted the voters of the town of Broken Bow should have been apprised the exact proportion of the $17,500 indebtedness sought to be incurred that was to be expended in the purchase of the site, in the erection of the hall and jail, and for furnishing said building, respectively, is easily answered. The town board was without legal authority to purchase or to contract for the purchase of a site, the building, or its furnishings until such authority was first granted by the adoption of the ordinance. If, as further suggested, the board should attempt to use a small part of the prceeds of the bonds authorized in the erection of a comparatively worthless building and practically the entire fund in furnishing the same, such action could doubtless be prevented in a proper proceeding; but that question is not here, since there is no allegation in the petition, nor any evidence in the record showing that such action is contemplated, and we must presume that the funds will be expended in good faith, and in a lawful, reasonable and businesslike manner for the purposes for which the indebtedness was authorized. Without further discussion, we will say that we think the language employed in submitting the proposition to the voters was sufficiently specific to apprise them of the nature of the proposed public utility. °

The proviso of section 27, art. 10, of the Constitution, which authorizes an incorporated city or town to incur an indebtedness for public improvements by· the vote of the majority of the qualified tax-paying voters of such city or town, reads as follows:

"That any such city or town incurring any such indebtedness, requiring the assent of the voters as aforesaid, shall have the power to provide for, and before or at the time of incurring such indebtedness, shall provide for the collection of an annual tax in .addition to the other taxes provided for by this Constitution, sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within 25 years from the time of contracting the same."

Plaintiff's right to the injunction on the second ground turns upon the meaning of the words "within twenty-five years," as used in the above section; it being his contention, as above stated, that the bonds must run for the full period of 25 years. The word "within" is in general use and is well understood. In Webster's New International Dictionary the term is defined: As re-

lates to distance, "not further in length than; as, not further than five miles;" as to quantity, "not exceeding in quantity; as expenses kept within one's income;" as to time, "not longer than; as within an hour;" and generally as "inside the limits, reach of influence of, not going outside of, not beyond, overstepping, or the like." The word has also often been judicially defined. In Hower v. Krider, 15 Serg. & R. (Pa.) 43, with reference to the returning of summons "within four days," was held to mean not more than four days, and that it did not mean "not less than four days," as contended. Under a statute of Massachusetts, providing that a lien on a vessel should be dissolved unless a certificate was filed within four days from the time such ship or vessel should depart from the port at which she was when the debt was contracted, it was held that the term "within four days" was a limit beyond which the certificate could not be filed, but that the certificate could be filed any time before the expiration of four days.

In Belion v. Durand, 39 Utah, 532, 117 Pac. 798, the phrase "within ten days after" was held to fix only the limit beyond which the motion might not be filed. See, also, cases cited in Words and Phrases, vol. 8, p, 7498, and Words and Phrases, vol. 4, Second series, p. 1327.

Section 4309, Wilson's Rev. & Ann. Statutes 1903 (section 4756, Rev. Laws of 1910), provides, with reference to the filing of pleadings, that the answer must be filed "within twenty days after the day on which the summons is returnable; the reply or demurrer shall be filed within thirty days after the day on which the summons was made returnable; the demurrer to the reply shall be filed within forty days after the day on which the summons was made returnable"—which was in the Code at the time of the adoption of the Constitution, and the terms "within twenty days," "within thirty days," and "within forty days," have been generally construed by the legal profession and by the courts to fix a limit beyond which the pleadings might not be filed without leave.

Article 9, sec. 12, of the Illinois Constitution. is very similar to section 27, art. 10, supra, except that the period for the maturity of the bonds is 20 years instead of 25. In People ex rel. v. Bowman, 253 Ill. 234, 97 N. E. 304, it was held that bonds maturing in one year could be legally issued.

In State ex rel. Edwards v. Miller, Mayor, et al., 21 Okla. 448, 96 Pac. 747, the contention was made that the bonds issued for the construction of waterworks could not law-

fully be issued for a term of less than 30 years, as was provided by article 8, c. 13, p. 288, Wilson's Rev. & Ann. Stat. of 1903. In refusing to so hold, the court said:

"The language of the part of said section which provides that a sinking fund shall be created sufficient to pay the principal in 25 years, to our mind, amounts to a statement that the bonds issued may run for a period of 25 years. No other interpertation can be put upon this language without changing the evident purpose of the section. There can be no doubt but that the intention of the framers of the Constitution was that the bonds issued under section 27, supra, should run for a period of 25 years, and not for a period of 30 years, payable after 10 years at the option of the city, as is provided by article 9, c. 8, p. 115, Sess. Laws Okla. 1905."

It is evident, from an examination of the decision in that case, that the question as to whether the bonds issued under section 27, art. 10, supra, could run for a period of less than 25 years, was not presented or considered, and said decision does not hold that the bonds cannot run for a term of less than 25 years. The law, with reference to the issuance of bonds for waterworks purposes, as it existed prior to the adoption of the Constitution, provides that "said bonds shall run thirty years. * * *" but the language of the constitutional provision, supra, providing for the collection of an annual tax sufficient to pay the interest on the indebtedness created and to constitute a sinking fund for the payment of the principal thereof within 25 years, is not susceptible of the construction that the bonds issued pursuant thereto shall run for 25 years.

We conclude, then, that the word "within," as employed in said section, is used in its natural sense, conveys a definite meaning, and leaves no room for construction. It therefore follows that there is no inhibition in section 27, art. 10, supra, against the issuance of the bonds for a term of only 15 years.

The judgment is affirmed.

All the Justices concur.