FIRST NAT. BANK & TRUST CO. v. LUNDQUIST.

No. 24777. May 28, 1935.

J. C. Pinkerton and Hess Crossland, for plaintiff in error.

Massingale, Duff & Manatt, for defendant in error.

PER CURIAM. This is an action at law instituted in the court of common pleas of Tulsa county by the defendant in error for the recovery of money against the defendant, Mendenhall-Summer, Inc., and the plaintiff in error, First National Bank & Trust Company of Tulsa, a national banking association, as garnishee.

Judgment was taken against the defendant, Mendenhall-Summer, Inc., by default and upon the issues between the plaintiff

and the garnishee defendant judgment was in favor of the plaintiff, and from which judgment the said garnishee defendant appeals.

For convenience the defendant in error will be referred to as the plaintiff and the plaintiff in error as the defendant, as they appeared in the trial court.

Plaintiff filed his affidavit for garnishment in this cause on the 8th day of June, 1931, pursuant to wh'ch a garnishee summons was served upon the defendant on the 9th day of June, 1931. The defendant duly answered denying that it was indebted, or in any manner liable, to Mendenhall-Summer, Inc., and denying liability as garnishee; which answer was duly traversed by the plaintiff. Upon the issues thus joined this cause was tried to the court, without the intervention of a jury.

It was and is the defendant's contention that on the 9th day of June, 1931, the time of service of the garnishee summons upon the defendant, the Mendenhall-Summer, Inc., was indebted to the defendant, and that the defendant exercised its legal right to withdraw any sum which it had to the credit of the said Mendenhall-Summer, Inc., and apply the same upon the indebtedness owed to the defendant by the said Mendenhall-Summer, Inc., which was much greater than the amount on deposit. Plaintiff concedes that the defendant legally had this right but contends:

First. That the defendant waived its right by its conduct in permitting the said Mendenhall-Summer, Inc., to draw upon the said funds upon deposit.

Second. That the defendants did not properly plead their right of a set-off and that the same was not an issue before the court.

1, 2, There is little conflict in the evidence in this case. It is conceded that on the 9th day of June, 1931, that Mendenhall-Summer, Inc., had on deposit with the defendant the sum of $1,160.32, and that on the said date the said Mendenhall-Summer, Inc., was indebted to the defendant in an amount in excess of the said sum on deposit, and that the said indebtedness was past due.

The evidence discloses that on the 9th day of June, 1931, and after the service of garnishee summons upon the defendant, the defendant charged the account of Mendenhall-Summer, Inc., for the amount of its balance, and put the same in a cashier's check

payable to the defendant, and thereafter, and on the same date, and after a conversation with one of the officers of the Mendenhall-Summer, Inc., deposited said cashier's check in the sum of $1,160.23 in an account designated as "Mendenhall-Summer Company," and that the checks of Mendenhall-Summer, Inc., outstanding at the time of the service of the garnishee summons herein, and subsequent checks drawn by Mendenhall-Summer, Inc., on the account of Mendenhall-Summer Company were all charged to the said account of Mendenhall-Summer Company.

No credit was ever given upon the notes of Mendenhall-Summer, Inc., or the indebtedness due to the defendant by Mendenhall-Summer, Inc., nor was any new note, or evidence of debt, taken by the defendant from the said Mendenhall-Summer, Inc., or from Mendenhall-Summer Company, at the time of the crediting of the account known as Mendenhall-Summer Company in the said sum of $1,160.23.

The defendant answered as garnishee in this case by way of a general denial and during the trial of the cause, upon an objection to the introduction of testimony involving the set-off claimed by the defendant, which objection was made on the grounds the set-off was not pleaded, the defendant asked leave to amend its answer by setting up in detail its right to a set-off. Leave to amend was denied by the court, and it is first urged by the defendant that the court erred in not permitting this amendment. An examination of the record discloses that the court permitted the defendant to go into detail in the testimony as to the financial relations between the said defendant and Mendenhall-Summer, Inc., and permitted the said defendant to introduce all testimony which could have been introduced under the amendment which the defendant asked leave to file, and the trial court undoubtedly considered all of that evidence under the general denial of the defendant. In any event, from the view that we take of the facts in this case, the error, if any, was immaterial.

Defendant next contends that the trial court erred in not holding that the defendant had a right of set-off against Mendenhall-Summer, Inc., in an amount in excess of its balance with the defendant, and that the defendant had exercised its right of set-off.

It is well settled in this state that a garnishee may retain in his hands, out of the

funds of the principal defendant, an amount equal to all sums on which he might legally avail himself by way of set-off if the action was brought by the defendant himself against such garnishee. First State Bank of Ringling v. Hunt, 77 Okla. 4, 185 P. 1089. The plaintiff concedes this to be the law.

However, a careful examination of the facts in this case discloses that the defendant never at any time appropriated the funds in its hands to apply upon the indebtedness of Mendenhall-Summer, Inc., but withdrew the funds on deposit to the account of Mendenhall-Summer, Inc., and deposited it in an account called "Mendenhall-Summer Company," cashing all outstanding checks of Mendenhall-Summer, Inc., and checks subsequently written by Mendenhall-Summer, Inc., against the account of Mendenhall-Summer Company. Nor is it contended by the defendant that an actual appropriation of the account of Mendenhall-Summer, Inc., had been made and the account applied upon indebtedness due to the defendant, or as stated in the brief of the defendant, filed herein:

"We submit that, had the bank gone further and actually applied the money in the account to the note of Mendenhall-Summer, Inc., there would be no question as to its having completely exercised its right of off-set."

Irrespective of the purpose for which the funds were originally withdrawn from the Mendenhall-Summer, Inc., those funds were not applied by the defendant upon indebtedness due to the defendant, but were deposited in another account for the purpose of paying other creditors of Mendenhall-Summer, Inc., and the said funds were actually used in paying other creditors of Mendenhall-Summer, Inc.

Defendant had the right to apply the funds upon its indebtedness. It elected to permit Mendenhall-Summer, Inc., to use the identical funds withdrawn from one account and deposited in another to pay other creditors. In so doing, it is our opinion that the defendant did not exercise its right to an offset and by its act waived its right to do so. Corpus Juris lays down the general rule in vol. 28, page 283, sec. 410:

"The garnishee has been held to have waived his right to set off by payment of the funds in his hands to defendant pending the garnishment proceedings."

To permit the rule to be otherwise would open the door to fraud and collusion and abuse a good rule of law, which was adopted for the protection of the garnishee, by permitting the garnishee to serve as a shield in the preferring of creditors of the judgment debtor. Prudential Trust Co. v. Merchants Nat. Bank, 66 Ore. 224, 133 P. 1191.

In any event it was the duty of the garnishee to disclose any funds which it had in its possession belonging to Mendenhall-Summer, Inc., irrespective of the name in which the fund was deposited. Bradford v. Mayes Merc. Co., 89 Okla. 31, 213 P. 743.

The defendant next contends that Mendenhall-Summer, Inc., was insolvent, and that the checks drawn upon the account of Mendenhall-Summer Company were for labor, and that the laborers had a prior lien to the claim, and that the fund was used for the purpose of paying the prior labor liens, and cites section 10999, O. S. 1931, which gives to laborers a lien against the assets of an insolvent corporation for the amount of salaries, or wages, due "not exceeding four months' salary or wages which shall have accrued prior to the adjudication of the insolvency of such corporation."

Section 11000 provides:

"The lien herein provided shall be enforced in the manner now provided by law for the enforcement of other liens for labor."

The trial court sustained an objection to the offer of testimony that the Mendenhall-Summer, Inc., was insolvent and that practically all of the money transferred to the Mendenhall-Summer Company account was used for the purpose of paying laborers employed by the corporation. This is urged as error.

There was no offer of evidence of an adjudication of insolvency of Mendenhall-Summer, Inc., nor was there an offer of evidence that the laborers ever perfected a lien, or claimed a lien, against those funds, and none of the laborers being a party to this action, that section being for their benefit, the issue of the insolvency of Mendenhall-Summer, Inc., was not properly before the court, and the excluding of the testimony as to its insolvency was correct.

A careful examination of the record in this case discloses that there is ample testimony to support the judgment, and finding no error of law the judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Neal A. Sullivan. H. S. Burke,

and Irving D. Ross in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Sullivan and approved by Mr. Burke and Mr. Ross, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, and GIBSON, JJ., concur.