**South East National Bank of Chicago, Plaintiff-Appellant, v. Edward J. Ravin, Defendant, and Markus-Campbell Company, Inc., Garnishee-Defendant-Appellee.**

**Gen. No. 48,639.**

First District, Second Division.

May 9, 1962.

Cummings & Wyman, of Chicago (Stanley M. Cahn, of counsel), for appellant.

Normand A. Cohen, of Chicago, for garnishee-defendant-appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

Plaintiff recovered a judgment for $3642.01 against the defendant. On May 23, 1961 a demand in garnishment was served on defendant and his employer. On May 29, 1961, a garnishment summons was served upon the employer, hereinafter called the garnishee. On a trial the latter's answer of "no funds" was sustained and it was discharged and judgment entered. Plaintiff, the judgment creditor, appeals.

On May 31, 1961, after the service of the garnishment summons, the garnishee paid its employee $773.74 out of his total monthly salary of $1300. The garnishee deducted from the salary $350 which it credited to an indebtedness of $3900 owing by the defendant (employee) to the garnishee (employer). The garnishee also retained $176.26 for federal income tax withholding, social security contribution and Blue Cross-Blue Shield premiums. The $773.74 remaining was paid to the employee by regular payroll check as salary in the discretion of the garnishee. Since 1959 the garnishee deducted and credited to the employee's indebtedness various amounts ranging from $100 to $300 per month. The garnishee made the decision as to the amount retained and credited by it on the indebtedness of the employee.

We think that the issue in this case was decided in Burke For The Use of Birney et al. v. Congress Hotel Co., 280 Ill App 493, which extensively reviewed all prior applicable Illinois cases. Section 8 of the Garnishment Act of 1959 (Ill Rev Stats c 62, § 40, 1959), requires a garnishee to adjust offsetting demands. The garnishee may not claim setoff without actually deducting and retaining it out of the salary of the judgment debtor and crediting it to the latter's indebtedness. The garnishee must make the adjustment when notified of the garnishment pro-

ceedings. The garnishee cannot pay the judgment debtor the amount admittedly due him and sustain a setoff. The Burke case was decided under the provisions of Sec 13 of the Garnishment Act of 1872, which provided that the garnishee shall be liable for the balance only after all mutual demands between himself and plaintiff and defendant are adjusted, not including unliquidated damages for wrongs and injuries. As the instant garnishment proceedings were commenced in May, 1961, the applicable statutory provision is Sec 8 of the Garnishment Act of 1959, which provides that the garnishee is liable for the balance of indebtedness due the judgment debtor after the offsetting demands are adjusted. Albert E. Jenner, Jr., and William B. Davenport, in the Historical and Practice Notes following Par 40 of Chap 62, Smith-Hurd Annotated Statutes (Pocket part 1960), say of Sec 8 of the 1959 Act: "This section contains the substance of section 13 of the prior Act. The text thereof has been rearranged and clarified. Decisions under section 13 retain their force under this section."

■ ■ A comparison of the two sections does not indicate a substantive change. Both Acts call for the garnishee to "adjust" mutual or offsetting demands and impose liability upon the garnishee for any balance remaining after the adjustment. The Burke case holds that the "adjustment" contemplated by the legislature requires the garnishee to actually deduct and retain from the amount due to the defendant the amount due from the defendant to the garnishee, or answer to the plaintiff for whatever amount it pays to the defendant after notice of the garnishment proceedings. A similar result was reached in the case of Walters v. Bank of America National Trust and Savings Assn., 69 P2d 839 (Cal 1937), and First National Bank and Trust Company of Tulsa v. Lundquist, 45 P2d 524 (Okla 1935). In George v. Fox Head Restau-

369

rant Co., 290 Ill App 599, 8 NE2d 218, reported in abstract form, the court said:

"In the instant case the garnishee, Fox Head Restaurant Company, clearly had the right under sec 13 of the Garnishment Act to set off the indebtedness of George to it against such amount, if any, due George from said garnishee, but when it paid him $175 'as advances' after it had been served with summons in garnishment and before it had filed its answer without adjusting its demands against him, under the established rule in this state the garnishee admitted an indebtedness to its employee and lost its right under the statute to assert such demands."

The author of the article on garnishment in 38 CJS, Sec 203, p 443, says:

"Where a garnishee claims a debt due from the debtor as a set-off, he must in fact apply such debt on the amount due from him to the debtor. If, instead, he pays the funds in his hands to defendant pending the garnishment proceedings he will be regarded as waiving his right to a set off."

The judgment is reversed and the cause remanded with directions to enter a judgment in favor of plaintiff and against the garnishee for $773.74, less any personal exemption of $45 per week allowable by Sec 6 of the Garnishment Act of 1959 (Ill Rev Stats, c 62, § 38, 1959).

Judgment reversed and cause remanded with directions.

FRIEND, P. J. and BRYANT, J., concur.