CASUALTY CORPORATION OF AMER-
ICA, Plaintiff in Error,

v.

John TURNER, Defendant in Error.

No. 43387.

Supreme Court of Oklahoma.

Sept. 16, 1969.

Jones, Givens & Gotcher, Tulsa, Lowell Clifton, Oklahoma City, for plaintiff in error.

Rhodes, Hieronymus, Holloway & Wilson, Tulsa, for defendant in error.

HODGES, Justice.

The issue presented by this appeal is whether a trial judge can extend the time to answer interrogatories beyond the statutory period of five days (12 O.S. §§ 1179, 1183).

Defendant in error, as plaintiff, recovered a judgment in the trial court against Melvin Miller, as defendant, for $6,500.00 with interest at the rate of 10 per cent per annum. Garnishment summons was issued and served upon the garnishee, Casualty Corporation of America. Answer by garnishee was timely filed denying any indebtedness to defendant Melvin Miller. Plaintiff who is judgment creditor of Melvin Miller, within twenty days of the date of garnishee's answer affidavit, filed notice of election to take issue on the answer by garnishee. Interrogatories were submitted by plaintiff to garnishee commanding answer within five days of service.

Answer was not made within the minimal period of five days following date of service provided by 12 O.S.Supp.1965, § 1183. Plaintiff moved for default judgment against garnishee. Garnishee, thereupon obtained an order from the trial court extending the time to answer interrogatories and on the date extension was allowed interrogatories were answered and filed by garnishee. On the same day plaintiff filed a motion to strike the answers to interrogatories by the garnishee because the answers were filed after expiration of the period provided by 12 O.S.Supp.1965, § 1183, i. e. within the interval of five days from the date of service, and for judgment by default against garnishee for the amount of the judgment against Melvin Miller and for costs of garnishment process.

The motion by plaintiff to strike the answers to interrogatories by garnishee was sustained by the trial court for the declared reason the court had no authority to allow an extension of the five day minimal period provided by § 1183. Judgment by default was then rendered for plaintiff against garnishee for the amount of the judgment plaintiff had theretofore recovered against Melvin Miller plus the cost of garnishment process. Garnishee thereupon moved by pleading, thereafter amended, to vacate the judgment against it. The amended motion to vacate judgment was overruled by the trial court and this appeal was commenced.

It is the garnishee's position that the trial court has the discretion to extend the time to answer interrogatories beyond the statutory period of five days. Plaintiff on the other hand urges that the statute, 12 O.S. § 1179, was intended by the legislature to make judgment by default mandatory against a garnishee who fails to file an answer affidavit or to answer interrogatories within the statutory five days.

Section 1179 provides:

"If any garnishee, having been duly summoned, shall fail to file his answer affidavit as required in the preceding sections, or to answer interrogatories as hereinafter provided, the court shall render judgment against him as by default for the amount of the judgment and costs which the plaintiff shall recover against the defendant in the principal action together with the costs of such garnishment. Such garnishee may also be proceeded against as for contempt. As amended Laws 1965, c. 297, § 9."

We are of the opinion that the words "shall render judgment" as they appear in the above statute refers to those instances where there is an absolute failure by the garnishee to file an answer affidavit or to answer interrogatories. The mandatory language is not directed to the period of time in which the garnishee has to answer. Particularly does this viewpoint recommend itself when consideration is given to the language of Section 1183. This is

the statute which permits the plaintiff to examine a garnishee either by deposition or by written interrogatories. There the permissive word "may" is clearly intended and used. This statute provides that where the plaintiff elects to examine a garnishee by written interrogatories that a copy of the interrogatories be served on the garnishee with a statement attached thereto stating "that upon failure to answer, a judgment *may* be taken against the garnishee as by default * * *." Had the legislature intended the words "shall" or "may" to be preemptory in the two related provisions surely it would have used mandatory language in each instance. Ables v. State, 72 Okl. 282, 193 P. 969, 20 A.L.R. 589. Nor does the last sentence of Section 1183 distract from this interpretation. Time to plead is generally a matter of discretion in trial courts, and the exercise of that discretion should not be disturbed unless plainly erroneous. Wilson Motor Co. v. Dunn, 129 Okl. 211, 264 P. 194, 57 A.L.R. 17. Statutes providing intervals during which pleadings and filings may be filed have generally been construed by the courts to fix a limit beyond which such may not be filed *without permission*. McDougald v. Broken Bow, 71 Okl. 231, 176 P. 959. In the present case permission was obtained.

The minimal period allowed by 12 O.S.Supp.1965, § 1179 for response to interrogatories was by the trial court validly extended. Rescission of that valid allowed extension, on the theory extension was not lawful, was error. The cause is accordingly reversed and remanded with directions to vacate the judgment against the garnishee, to reinstate the answers to interrogatories filed by garnishee and to then try out the issues joined on the affidavit made on the part of the plaintiff and the answer thereto by the garnishee. The order of this court dated March 18, 1969 staying proceedings in the trial court is dissolved.

All Justices concur.