**UNDERWRITERS, a division of National Pioneer Insurance Company, Petitioner,**

**v.**

**Judge Joe CANNON, Respondent.**

**No. 48453.**

Supreme Court of Oklahoma.

July 8, 1975.

W. A. McWilliams, Oklahoma City, for petitioner.

Manville T. Buford, Coley, Buford, Halley & Martin, Oklahoma City, for respondent.

SIMMS, Justice.

Petitioner, garnishee, asks this Court to assume original jurisdiction and seeks prohibition against respondent judge to prevent enforcement of an ex parte order granting judgment creditor (garnisher) an extension of time within which to file notice to take issue with garnishee's answer.

Application to Assume Original Jurisdiction Granted. Writ of Prohibition Denied.

The single issue is: May a trial judge extend the 20 day statutory period within which a judgment creditor may give notice of election to take issue with the answer

affidavit filed by a garnishee? 12 O.S. 1971, §§ 1176, 1177.

The facts giving rise to this special proceeding are these. Plaintiff, Gertrude Stone, took judgment against defendant, Thell Phillips, in the District Court of Oklahoma County on September 24, 1974, and on February 14, 1975, she filed a garnishment affidavit and caused a garnishment summons to issue to Underwriters, petitioner herein. On February 25, 1975, garnishee's answer affidavit was filed with the court clerk and this affidavit denied any and all indebtedness owing from garnishee to defendant Phillips.

On the 20th day of March, 1975, plaintiff filed a pleading styled "APPLICATION FOR EXTENSION OF TIME" wherein she applied to the court to grant her an extension of time within which to file a notice to take issue with garnishee's answer. Plaintiff alleged that ". . . the answer of garnishee was filed on or about the 25th day of February, 1975, but that a copy of said answer of garnishee was either not mailed to or was not received by either counsel for plaintiff." In her application, plaintiff contended that this extension of time she sought was a matter for the court's discretion, citing *Casualty Corporation of America v. Turner, Okl.,* 458 P.2d 907 (1969), and asserted that the garnishee would not be prejudiced by such extension of time.

Pursuant to this application, the trial court, on March 20th, in an ex parte hearing, granted plaintiff leave to file her notice to take issue out of time. On the same date, plaintiff filed notice to take issue with garnishee's answer.

Subsequently, garnishee filed a motion to rescind the March 20th order, granting additional time. On April 18, 1975, respondent judge overruled garnishee's motion to rescind. Whereupon, petitioner insurance company commenced original proceedings in this Court.

Pertinent portions of the statutes involved provide as follows:

"§ 1176. Within ten days from the service of such garnishee summons the garnishee may if the truth warrant, file with clerk of the court in which the action is pending his affidavit, * * *

* * * that he was then in no manner and upon no account indebted or under liability to the defendant C.D. and that he then did not have in his possession or under his control any property belonging to said defendant, or in which he has any interest; and is in no manner liable as garnishee in this action. * * *

Thereby the proceedings against such garnishee shall be deemed discontinued, and the plaintiff shall pay the garnishee Five Dollars ($5.00) for his costs, unless within twenty days from the filing of such answer the plaintiff serve notice on such garnishee that he elects to take issue on his answer as garnishee, and will maintain him to be liable as garnishee.

"§ 1177. The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, with reference to his liability to the defendant *unless the plaintiff shall within twenty days serve upon the garnishee* or his attorney of record personally or by certified mail, return receipt requested, *a notice in writing that he elects to take issue on his answer;* in which case the issue shall stand for trial as a civil action in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto. * * * The plaintiff may in all cases move the court, upon the answer of the garnishee, and of the defendant, if he shall also answer, for such judgment as he shall be entitled to thereon, but any such judgment shall be no bar beyond the facts stated in such answer." (E.A.)

Petitioner (garnishee) contends that the twenty day time period allowed by statute for judgment creditor's response to garnishee's answer is mandatory.

Petitioner complains that the ex parte order granting additional time was beyond the power of the trial judge as it was in violation of the statutory provisions.

Respondent takes the position that granting an extension of time for filing notice of election to take issue is a proper exercise of judicial discretion under 12 O.S. 1971, §§ 283, 284, and the cases cited thereunder. Respondent further submits that under the facts of this instant matter, granting the extension of time was not an abuse of judicial discretion.

In *Educators Automobile Insurance Co., v. Jones,* Okl., 428 P.2d 277 (1967) we rejected the assertion that the twenty day period provided by statute for taking notice was jurisdictional and sustained judgment against garnishee although garnisher's notice to take issue had been filed after the twenty day period. In *Educators, supra,* we held that in the absence of any showing that the late filing had resulted in prejudice to the garnishee, or that the late filing had caused the parties to receive less than a full civil trial, the trial court had not erred in granting the extension of time. In the third syllabus by the Court, we stated the following:

> "Where, in garnishment proceedings under Tit. 12, O.S.1961, §§ 863, et seq., a notice of the garnisher's election to take issue with the garnishee's answer is filed later than is prescribed by § 1177 of said Title, this is not ground for reversal of a judgment against the garnishee, where no prejudice is shown to have resulted to it from the untimely filing."

Subsequently, in *Casualty Corporation of America v. Turner, supra,* we held that the time period established by §§ 1179 and 1183 for filing may be extended by the trial judge. The following language from that opinion is most pertinent:

> "Time to plead is generally a matter of discretion in trial courts, and the exercise of that discretion should not be disturbed unless plainly erroneous. *Cita-*

*tions omitted.* Statutes providing intervals during which pleadings and filings may be filed have generally been construed by the courts to fix a limit beyond which such may not be filed *without permission. Citations omitted.* In the present case permission was obtained."

■ Petitioner presents nothing which persuades us to depart from our position that the extension of time within which to file pleadings in a garnishment proceeding is a matter properly within the sound judicial discretion of the trial court.

■ Under the facts of this action, the trial court did not abuse its discretion by granting garnisher an extension of time within which to file the notice to take issue. As noted above, garnisher's application for the extension alleged that no copy of the garnishee's answer had been received and that there was no notation on the original filed with the Clerk's office which would indicate that a copy had been mailed to counsel. Rule 2 of the Rules of the Supreme Court promulgated for the District Courts of Oklahoma, Title 12, O.S. ch. 2, Appx. 1974 Supp., provides that:

> "Copies of all instruments subsequent to the petition shall be delivered or mailed at the time of their filing to counsel for other parties in the case and to all unrepresented parties. A statement as to delivery or mailing shall be made on the instrument filed."

Rule 38 of the District Court, Oklahoma County, Seventh Judicial District, adopted January 13, 1975, regarding service of pleadings on opposing counsel is in accord.

Garnishee has failed to establish a showing of prejudice resulting from the three day extension of time granted by the trial court. In view of the minimal amount of time involved in the extension and the failure of the garnishee to provide counsel for judgment creditor with a copy of the answer affidavit, we find that the extension of time herein granted was not an abuse of the trial court's discretion. Accordingly,

the writ of prohibition sought by petitioner is denied.

Respondent's prayer for an award of additional attorney's fees for his defense of this action is denied.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, LAVENDER, BARNES, SIMMS, and DOOLIN, JJ., concur.