**FARMER'S EXCHANGE BANK OF ANTLERS, Oklahoma, a banking corporation, Appellee,**

v.

**James DENNIS, Defendant,**

**and**

**Security First National Bank of Hugo, Oklahoma, Appellant.**

**No. 64272.**

Court of Appeals of Oklahoma, Division No. 3.

March 17, 1987.

John C. Muntz, Hugo, for appellant.

James T. Branam, Dennis & Branam, Antlers, for appellee.

BAILEY, Judge:

This action comes on review of the Trial Court's rulings granting Appellee judgment in garnishment action on sums held by Appellant, and denying Appellant's motion for summary judgment. In 1980, Appellee Farmer's Exchange Bank of Antlers, Oklahoma, ("Farmer's") obtained a default judgment against defendant/debtor, Dennis (not a party to this appeal), in the sum of $2,496.70. In May, 1981, debtor moved to vacate the judgment as void; no action was had on this motion for 2 and ½ years.

In November, 1983, Dennis received a check from another in the sum of $3,325.00 drawn on Farmer's. Dennis delivered this check to Appellant Security First National Bank of Hugo, Oklahoma, ("Security"), allegedly for application of the proceeds to indebtedness of Dennis to Security. Security sent the check to Farmer's for collection with a notation that the funds be deposited in Dennis's checking account with Security; Farmer's drew a cashier's check in payment, and hand delivered the check, together with a garnishment summons claiming the proceeds by virtue of the default judgment, to Security. In late November or early December, 1983, Security filed its garnishment answer, denying that it held funds of Dennis to which Farmer's was entitled.

Farmer's filed no reply to Security's garnishment answer until May, 1984, when granted permission by the Trial Court to file its reply out of time.

In February, 1984, Security filed a motion to vacate the default judgment against Dennis as void. Both parties to this appeal filed briefs in the matter, and in March, 1984, the motion to vacate was denied. In April, 1984, Security filed its motion for summary judgment based on Farmer's failure to reply to the garnishment answer of Security. The Trial Court overruled Security's motion for summary judgment, and granted Farmer's permission to reply to the Security's garnishment answer out of time. Farmer's filed its reply in May, 1984, taking issue with Security's answer, and hearing was held in March, 1985. The Trial Court entered judgment in the garnishment action for Farmer's in April, 1985, and this appeal ensued.

Appellant asserts as its first proposition of error the Trial Court's denial of Appellant's motion for summary judgment. In support of this proposition, Appellant relies on 12 O.S.1981 § 1177, which states:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated with reference to his liability to the Defendant and unless the Plaintiff shall within twenty (20) days serve upon the garnishee or his attorney of record; ... a notice in writing that he elects to take issue with his answer; ..."

Appellant argues, under this statute, that Appellee's failure to take issue with Appellant's answer, filed November 30, 1983, within the prescribed twenty day period, renders Appellant's denial of liability conclusive on the Trial Court, and thus, the Trial Court should have granted Appellant's motion for summary judgment.

We do not agree with Appellant on this issue. Case law in Oklahoma indicates that permission to amend garnishment pleadings, or to file garnishment pleadings out of time, is a matter to be decided in the exercise of the Trial Court's discretion, and which acts, this Court will not disturb absent a showing of abuse of that discretion resulting in prejudice to the opponent. *Spears v. Preble*, 661 P.2d 1337 (Okl.1983); *Underwriters v. Cannon*, 538 P.2d 210 (Okl.1975). As the Supreme Court has said:

"Statutes circumscribing intervals during which pleadings may be filed have generally been construed to fix a limit beyond

which the pleading may not be filed without permission. Extension of time to file an election to take issue with the answer of the garnishee is discretionary, not jurisdictional, and in the absence of a showing of prejudice to garnishee; we find that under the circumstances, no error was committed." *Spears v. Preble, supra*, 661 P.2d 1337, 1341.

The *Spears* case involved the permission to file a response to a garnishment answer out of time, when special demurrers to the garnishment action had been disposed of without notice to the garnishor/plaintiff; the *Underwriters* case involved the application of plaintiff for additional time to plead due to the failure of garnishee to transmit his answer. We see no practical difference in these cases and the one at bar. In the cited cases, the Courts found no abuse of discretion or prejudice resulting by the allowance of out of time responses. *Spears v. Preble, supra*, 661 P.2d 1337, 1341; *Underwriters v. Cannon, supra*, 538 P.2d 210, 212. We find no showing of abuse of the Trial Court's discretion or prejudice to Appellant herein by the Trial Court's permission to Appellee to file a response to Appellant's garnishment answer out of time, and affirm the Trial Court's action in denying Appellant's motion for summary judgment on this issue.

The determinative question in this case thus devolves to the issue of priority of Appellant's and Appellee's claims to the funds of the debtor, Dennis. Appellant argues that, as a creditor of Dennis on a due and owing obligation, its right of set-off is superior to that of Appellee as a judgment creditor. Appellee, on the other hand, argues that Appellant's right to set-off had not matured and was cut off by Appellee's garnishment action. We must then examine the law controlling the right to set-off in order to resolve this controversy.

■ Appellant directs our attention to the general statement of law regarding the ability of a garnishee/bank to set-off indebtedness of the principal debtor against funds of the debtor in the garnishee's hands when confronted with a competing garnishment claim:

"A bank may set-off against the amount of a deposit that has been garnished the amount of any matured indebtedness due it by the depositor. This right of set-off may be exercised prior to or after the service of the writ of garnishment, and it is not necessary that book entries by made prior to the service." 6 AmJur2d, Attachment & Garnishment, § 374, p. 822 (1963); *see also*, "Garnishment of bank deposit as affected by bank's right, or waiver of right, to set off depositor's indebtedness to it against deposit or apply deposit to such indebtedness," 106 A.L.R. 62, 110 A.L.R. 1268.

The Oklahoma Courts have long followed a similar rule:

"It is well settled in this state that a garnishee may retain in his hands, out of the funds of the principal defendant, an amount equal to all sums on which he might legally avail himself by way of set-off if the action was brought by the defendant himself against such garnishee." *First Nat'l. Bank & Trust Co. of Tulsa v. Lundquist* [172 Okl. 453], 45 P.2d 524 (Okl.1935); *accord, First State Bank of Ringling v. Hunt* [77 Okl. 4], 185 P. 1089 (Okl.1919).

In *Hunt*, garnishee bank refused to honor a partnership check drawn on it, as partnership funds in the partnership checking account had been applied some days prior to outstanding partnership indebtedness, leaving the partnership still indebted to the garnishee bank. The Supreme Court reversed the judgment against the garnishee bank, and remanded the case with instructions to dismiss the garnishee, holding that the garnishee bank was entitled to set-off any indebtedness of the partnership against funds of the partnership which the bank held; the Court stressed the importance of the fact that partnership debt to the bank remained unpaid after application of the debtor's funds. 185 P. 1089, 1092. In *Lundquist*, after citing the above rule, the Supreme Court affirmed the Trial Court's judgment for plaintiff/creditor against the garnishee bank, finding that although the bank had purportedly applied

debtor funds on deposit to existing indebtedness, the bank had waived its right to set-off by allowing the debtor to draw on the same funds which the bank had supposedly used to reduce the indebtedness. 45 P.2d 524, 526. Implicit in these holdings, and in accord with the general rule stated above, the debt must be currently due, owing and mature.

Indeed, the Oklahoma Courts have long agreed that in order for the right to set-off to obtain, several elements must first be met: (1) the fund deposited must be the property of the debtor; (2) the fund was deposited without restriction and was not a special fund; (3) there is an existing indebtedness due and owing by the depositor to the bank; and (4) the deposit must have created a debtor-creditor relationship between the depositor and the bank. *Zollinger v. First Nat'l Bank of Oklahoma City,* 126 Okl. 182, 259 P. 141 (1927); *Kasparek v. Liberty Nat'l. Bank,* 170 Okl. 207, 39 P.2d 127 (1937); *Ingram v. Liberty Nat'l Bank & Trust Co. of Oklahoma City,* 533 P.2d 975 (Okl.1975). The term "owing" implies the existence of a legal obligation to pay, while the term "due" infers when the obligation to pay arises. *Ingram, supra,* 533 P.2d 975, 977. In our opinion, the term "due" necessarily encompasses the concept that the indebtedness is "mature" for collection. We thus turn our attention to the facts adduced before the Trial Court to determine the application of these rules.

█ The testimony at trial indicated that Security made a decision at some point to apply the proceeds of Dennis's check to existing indebtedness of Dennis to Security. Dennis brought the check to Security, and Security sent the check to Farmer's, with a collection form indicating that the proceeds were to be deposited in Dennis's Security account. While there is some conflict in the testimony as to whether the funds were intended to be deposited or were to be directly applied to Dennis's

debt, we see no conflict in the conclusion that the funds belonged to Dennis, and there was no special fund or restriction created on delivery of the check to Security. The only testimony at trial was to the effect that Dennis had indebtedness with Security in excess of the check amount that was "due," and no evidence was adduced by either party showing that the debt was not "due" and "mature" as the rules require. Under these limited facts, we find that Dennis's debt was mature and there was created, by Dennis's delivery of the check to Security, and Security's subsequent acts in collection, the relationship of debtor-creditor between Security and Dennis so as to comply with the requirements for set-off set forth above.

We therefore hold under the law and the facts of this case that Dennis's debt was then due, owing and mature when Farmer's attempted to garnish the amount, that there remained existing indebtedness of Dennis unpaid, that Security had the right to set-off Dennis's debt by Dennis's deposit, and that Security's right to set-off defeated the claim in garnishment of Farmer's. We accordingly REVERSE the judgment of the Trial Court, and REMAND the cause to the Trial Court with instructions to enter judgment for Appellant Security First National Bank of Hugo, Oklahoma and to dismiss the Appellant garnishee herefrom.

REVERSED AND REMANDED WITH INSTRUCTIONS.

HANSEN, P.J., and HUNTER, J., concur.