RE: REQUEST FOR LEGAL ADVICE REGARDING DUTIES OF THE SECRETARY OF STATE IN PROCESSING INITIATIVE PETITIONS
Attorney General Henry has asked me to respond to your letter asking for legal advice addressing, in effect, the following questions:
 1. May the Secretary of State, prior to the expiration of the ninety (90) day period in which a Proponent of an initiative petition has to circulate the petition, forward the reviewed petition to the State Supreme Court and certify to the Court that the Secretary of State's review of the petition is complete and final when:
 a. The Proponent, well in advance of the expiration of the 90 day circulation period, files the petition and signature sheets with the Secretary of State,
 b. The Secretary of State completes her statutory review of the petition and its signature sheets, prior to the expiration of the 90 day circulation period, and
 c. The petition's Proponent certifies, in writing, that the Proponent will not be filing further signature sheets with the Secretary of State.
 2. Must the Secretary of State make available, to interested citizens, copies of the signature sheets during the Secretary of State's review process?
Because a response to your inquiries necessitates the consideration of factual as well as legal matters, it is not possible to issue a formal opinion answering your questions. Accordingly, we provide the following informal opinion of the undersigned counsel.
i.
PROCEDURE FOR FILING AND CIRCULATING INITIATIVE PETITIONS
At Article v, section 1/article vi, section 2 of the Oklahoma Constitution, the people of Oklahoma reserved unto themselves the power to propose laws and amend the State Constitution through the initiative process. The people further provided, at Article v, section 3 of the Oklahoma Constitution, that the Legislature shall make suitable provisions for carrying the initiative process into effect. In obedience to this mandate, the Legislature enacted the provisions of Title 34 of the Oklahoma Statutes. The provisions of Title 34 set forth the procedure to be used in circulating and filing initiative petitions, and also provide, among other things, for the Secretary of State's review and processing of the petition and its signature sheets.
The prerequisites for filing and circulating an initiative petition are set forth, in part, at 34 O.S.8 (1984), which provides, in pertinent part, as follows:
 "When a citizen or citizens desire to circulate a petition initiating a proposition of any nature, whether to become a statute law or an amendment to the Constitution, or for the purpose of invoking a referendum upon legislative enactments, such citizen or citizens shall, when such petition is prepared, and before the same is circulated or signed by electors, file a true and exact copy of same in the office of the Secretary of State and, within ninety (90) days after such filing of an initiative petition, the signed copies thereof shall be filed with the Secretary of State, but the signed copies of a referendum petition shall be filed with the Secretary of State within ninety (90) days after the adjournment of the Legislature enacting the measure on which the referendum is invoked. The electors shall sign their legally-registered name, their address, and the name of the county in which they reside. Any petition not filed in accordance with this provision shall not be considered."
Under this Section's mandate, a citizen or citizens must file a pre-circulation copy of the petition with the Secretary of State, in order to circulate an initiative petition. This pre-circulation filing begins the ninety (90) day circulation period, as Section 8 requires that the signed copies of the petition shall be filed with the Secretary of State within ninety (90) days after the pre-circulation filing. As only the citizen or citizens making a pre-circulation filing can circulate a petition, you as Secretary of State, and past secretaries of state have adopted a longstanding administrative interpretation and practice that only an initiative petition's Proponent, or his authorized agents, may file the signed petitions with your office. This long-standing administrative interpretation, made by the administrative agency charged with the statute's administration, is entitled to the highest respect from courts, especially when the construction has been definitely settled and uniformly applied for a number of years. In such instances, the construction will not be disturbed by a court, except for very cogent reasons, provided that the construction was reasonably given. E.q., Oral Roberts University v. Oklahoma Tax Com'n, 714 P. 2d 1013, 1015 (Okla. 1985).
Your interpretation is consistent with the language and the purpose of the statute. Indeed, to interpret the statute as allowing a non-proponent to file signed signature sheets, could easily result in untrained, ill-informed or evil-intended individuals frustrating the petition effort, by filing signature sheets that fail to comply with the verification and signature, requirements of the law. In short, a contrary interpretation could allow strangers to the petition to sabotage the petition effort either through neglect or design. We agree with your long standing administrative interpretation that only a petition's Proponent, or his agents, may file signed petitions with the Secretary of State.
The provisions of Title 34 specifically recognize that not all signed signature sheets need be filed at the same time; 34 O.S. 4 (1981) provides, in pertinent part, that additional signature sheets should not be accepted after 5:00 p.m. on (the) ninetieth day.
The statutory scheme also makes it clear that a Proponent is not required to circulate the petition during the full ninety (90) day period. On the contrary, the act provides that the signed copies of the petition shall be filed "within" ninety (90) days after the pre-circulation filing of the petition. In this context, the word "within" means that the signed petitions must be filed "not later than" the expiration of the ninetieth day. McDonald v. Incorporated Town of Broken Bow, 176 P. 959, 961-962 (Okla. 1918). Also see, e.g., Royce v. Freedom of Information Com'n., 418 A.2d 939, 940 (Conn. 1979), and Kramek v. Stewart, 648 S.W. 2d 399, 401 (Tex.App., 4 Dist. 1983).
The statutory scheme thus permits the petition's Proponent to circulate a petition and file signed petitions at any time within the ninety day circulation period. The statutes do not, however, require that the Petitioner use the full ninety days.
II.
SECRETARY OF STATE'S PROCESSING AND REVIEW OF SIGNED INITIATIVE PETITIONS
The provisions of Title 34 o.s. 4 (1981) and other provisions of Title 34 impose various duties upon the Secretary of State, when a signed initiative petition is offered for filing. These duties include detaching the signature sheets from the petition "pamphlets." A pamphlet is made up of a duplicated copy of the petition and signature sheets'. Shortly after statehood, the Oklahoma Supreme Court, in Norris v. Cross, 105 P. 1000, 1004 (Okla. 1909), commented on the necessity of having duplicate petitions and signature sheets, and the reason for the Secretary of State's obligation to separate the signature sheets from the duplicate petition. According to the Court, the necessity for duplicate printed petitions was the physical impossibility, within the time provided by the Constitution, to secure the signature of the required number of petitioners upon a single petition.
While duplicate petitions are necessary in the circulation process, they are not necessary to the Secretary of State's review and verification process. Although signers of the petition must have a duplicate petition available to them, the Norris Court noted that such documents, in the office of the Secretary of State, are "voluminous and unhandy." Id. Thus, the statutes provide for the Secretary of State's return of the duplicate petitions.
The statutes also impose on the Secretary of State the duty of binding and numbering the signature sheets and counting the number of purported signatures. These duties together with the duty of preparing a detailed receipt, and sealing the petitions are set forth at 34 O.S. 4 (1981), which, in pertinent part, provides:
 "When any such initiative or referendum petition shall be offered for filing, the Secretary of State, in the presence of the person offering the same for filing, shall detach the sheets containing the signatures and affidavits and cause them all to be attached to one or more printed copies of the measure so proposed by initiative or referendum petition. . . . if the aforesaid sheets shall be too bulky for convenient binding in one volume, they may be bound in two or more volumes, those in each volume to be attached to a single printed copy of such measure; the detached copies of such measures shall be delivered to the person offering the same for filing. Each of the volumes and each signature sheet therein shall be numbered consecutively, and a cover sheet shall be attached, showing the purported number of signature sheets, the series of numbers assigned to the signature sheets and the number of purported signatures. The Secretary of State shall render a signed receipt to the person offering the petition for filing, which receipt shall include a report, volume by volume, showing the number of signature sheets in each volume, the series of numbers assigned to the signature sheets in each volume, and the number of purported signatures in each volume. Duplicate copies of the cover sheets, with necessary corrections, may be used as receipts. If the volume of signatures is sufficiently large, the Secretary of State shall seal the petitions in such manner that they cannot be opened unless the seal is broken, and if requested by those filing said petition, they shall not be opened before 9:00 a.m. on the day following the date said petitions are filed and said procedure shall continue until such time as the Secretary shall be able to receipt the petitions so filed; but additional signature sheets shall not be accepted after 5:00 p.m. on the} ninetieth day."
These duties have been found by the Oklahoma State Supreme Court to be ministerial duties. Norris v. Cross,105 P. 1000 (Okla. 1909).
The Secretary of State is also directed, under the provisions of 34 O.S. 3 (1989) to disqualify any signature sheet not prepared in substantial compliance with the requirements of that Section. She is also required, by the provisions of 34 O.S. 1981, 6.1, to disqualify any signature on a signature sheet which is not verified as required.
The statutes anticipate, as indicated by the language quoted above, that if the volume of signatures is sufficiently large, the Secretary of State should seal the petition in such a manner that it cannot be opened unless the seal is broken. If requested by those filing the petition, the seal shall not be opened before 9:00 a. m. on the day following the date the petitions are filed. This procedure continues from day to day until the Secretary of State is able to receipt the entire petitions so filed. It is this provision of Section 4 that specifically recognizes that additional signature sheets may be filed up until 5:00 p.m. on the ninetieth day.
The procedure followed by your office, and the one anticipated by the statute, has your office sealing the petitions each evening at the close of business, and then opening them again, in the presence of the Proponent. You break the seal then continue the detaching, binding, numbering, counting and verification process, from day to day until the process is complete and a final receipt is issued.
In conformity with your office's long-standing administrative practice, and the advice of this office, you begin this administrative processing of the initiative petition soon after its filing.
As noted above, the statutes do not require the Proponent of a petition to file all signed signature sheets at the same time. In following the statute, your office, has adopted a long-standing administrative practice of allowing Proponents to file additional signature sheets up to 5:00 p.m. on the ninetieth day of the circulation period.
III.
CONDITIONS UNDER WHICH THE SECRETARY OF STATE, PRIOR TO THE EXPIRATION OF THE NINETY (90) DAY INITIATIVE CIRCULATION PERIOD, MAY CERTIFY TO THE STATE SUPREME COURT THAT SHE HAS COMPLETED HER PROCESSING AND REVIEW OF ALL SIGNED INITIATIVE PETITIONS
The gravamen of the question posed in your letter is:
 "When (1) the Proponent of an initiative petition files signed petitions well before the expiration of the ninety (90) day circulation period, and (2) because of this early filing, the Secretary of State fully processes all filed, signed petitioners before the expiration of the circulation period, may the Secretary of State forward the petitions to the State Supreme Court and certify to the Court that she has completed all of the statutory duties imposed upon the Secretary, if the Proponent certifies, in writing, that no more signed petitions will be filed?
As noted above, only the Proponent (and his authorized agents) may circulate an initiative petition and file signed petitions with the Secretary of State. As also seen, Proponents are not required to file all signed petitions at the same time. However, Proponents must, we conclude, file all signed petitions with the Secretary of State. This is so because the filing procedures deal not only with the Proponents' rights, but also with the interests of those who have signed the petition. This was recognized by the Supreme Court of Washington in State v. Superior Court, 166 P. 1126,1128-1129 (Wash. 1917). In that case, the Proponent of a referendum petition filed a large number of signed petitions on June 4. Then on June 6, the Proponent attempted to submit additional signed petitions. The Washington Secretary of State refused to receive the additional petitions, finding that the first filing constituted a final submission.
In upholding the trial court's granting of a writ of mandamus, which required the Secretary of State to accept the second filing, the Washington Supreme Court noted that it was not dealing only with the rights of the Proponent of a petition, but was also dealing with the rights of those who had signed the petition. It should be noted here that, unlike Oklahoma's laws, the Washington laws had no provision allowing for the filing of additional signatures. The Washington Supreme Court concluded that the Proponent was not the agent of the signers of the petition, in the sense that he was authorized to file any number of signed petitions he might elect. To do so would deprive the signers of the petition of their right to have their signatures counted and canvassed. Id.
To the extent that this Washington case can be read to require the Proponent of an initiative petition to file all petitions actually signed, in order to protect the interest of the signers, we find the case consistent with Oklahoma law. To hold that a Proponent could collect signatures, then elect not to file them, would be inconsistent with the primary purpose of the initiative process, which is to secure a vote of the people upon a proposed law or constitutional amendment. In re Initiative Petition No. 281, 434 P.2d 941,946 (Okla. 1967). We thus conclude that a Proponent of an initiative petition has a duty to file all signatures collected by him.
Because Oklahoma law permits a Proponent to file the signed petitions in stages, the Secretary of State, when she has a large number of signed petitions tendered for filing, has no way of knowing whether the Proponent will be filing additional signature sheets. This being the case, the Secretary of State is not in a position, unless adequately informed, to know whether additional signature sheets will be filed. Absent appropriate notice, the Secretary of State, therefore, cannot certify to the Supreme Court that the processing and review required by law has been completed until after the ninety (90) day circulation period has expired.
The question you present is whether the Secretary of State can make such a certification, if the Proponent notifies the Secretary of State in writing, that he will be filing no more signatures. If we were dealing only with the Proponent's interest, such notice would be adequate. Such limited notice alone, however, does not adequately provide for the protection of the interests of those who have signed the petition. We accordingly find that a more extensive notice is required.
If a Proponent of an initiative petition files a signed petition well within the ninety (90) day circulation period, and this early filing enables the Secretary of State to complete her review and processing, prior to the expiration of the ninety (90) day circulation period, the Secretary of State can certify to the Supreme Court that she has completed her processing and review, if, and only if the Proponent certifies, in writing, that:
"1. No more petitions are in circulation;
2. The Proponent will circulate no more petitions; and
 3. All signed petitions have already been filed with the Secretary of State.
Such notice, we find, adequately protects the interests of those who have actually signed the petition, and still affords the Proponent the freedom to file all signed signatures, well before the expiration of the ninety (90) day circulation period, if desired. It is the Proponent who must decide if making a final submission, well in advance, is advantageous to the petition drive. A Proponent is given the statutory option of filing additional signature sheets up until 5: 00 p.m. on the ninetieth day. This option is designed for the Proponent's protection and flexibility. In making a final submission prior to the ninetieth day, the Proponent gives up this option and the protection and flexibility it afford.
When notice as described above is received by the Secretary of State, she is in a position to know when her processing and review is completed. In such instances, the Secretary of State may certify to the Supreme Court that the duties required of her by law have been completed, and that the documents forward to the Court, constitute a complete record of the petition process.
IV.
SIGNED INITIATIVE PETITION'S AVAILABILITY FOR PUBLIC INSPECTION AND COPYING
The second question you asked is whether the Secretary of State must make available, to interested citizens, copies of the signature sheets during the Secretary of State's review process.
In Norris v. Cross, 105 P. 1000, 1004 (Okla. 1909), the Oklahoma Supreme Court found that one of the purposes for separating signature sheets from duplicate petitions and discarding the duplicate petitions was to make public inspection of the signatures readily available, the Court stating:
 "To avoid this inconvenience the inconvenience of dealing with voluminous copies of duplicate petitions the Legislature has, we think, intended to provide that the Secretary of State may combine these numerous petitions, in the presence of the persons specified by the act, into one or more books, in which form they can be easily preserved in his office, accessible to the inspection of the public. with less risk of loss. alteration extraction. or fraud . . . Id."
Thus, as long ago as 1909, the Oklahoma State Supreme Court recognized the public's right to inspect an initiative petition and its signature sheets, while in the Secretary of State's custody. The provisions of Oklahoma's Open Records Act, (51 O.S. 24 A.1 — 51 o.s. 24A.20 (1989)), further support the public's right of access to a petition's signature sheets, during the Secretary of State's review. That Act, in general term makes all records of public bodies and public officials open for inspection, copying, and/or mechanical reproduction, during regular business. 51 O.S. 24 A.5 (1989). The Secretary of State is clearly a public official, and the signature sheets are clearly records received by a public official in connection with the transaction of public business. Thus, the signature sheets must be made available for inspection, copying, and mechanical reproduction, during regular business hours of the Secretary of State, as such documents fall within none of the exceptions of the Open Records Act. Of course, in making the records available, the Secretary of State must insure that the integrity of the signature sheets is maintained, and that providing public access to the documents does not unnecessarily interfere with the her review of the petition and its signature sheets. 51 O.S. 24 A.5(5) (1989).
It is therefore the opinion of the undersigned Assistant Attorney General that:
 1. When a Proponent of an initiative petition files all of the signed signature sheets, well within the ninety (90) day circulation period, and the Secretary of State, prior to the expiration of the ninety (90) day circulation period, completes the statutory review of all filed signed petitions, the Secretary of State may forward the petition documents to the State Supreme Court, and certify that she has completed her statutory review, if the Proponent certifies to the Secretary of State, in writing that: (1) no other petitions are in circulation, (2) Proponent will not circulate any more petitions, and (3) all signed signature sheets have been filed with the Secretary of State.
 2. The Secretary of State must, under Oklahoma's Open Records Act, make signed signature sheets available for public inspection and copying. In doing so, the Secretary of State must insure that the integrity of the signature sheets are maintained, and that providing public access to the documents does not unnecessarily interfere with her review of the petition and its signature sheets.
(Neal Leader)
In accordance with the dictates of 34 O.S. 3 (1989), each initiative petition shall be duplicated for the securing of signatures. Each copy of the petition and sheets for signature is, in that Section, termed a "pamphlet". The statute further provides that each pamphlet shall contain a printed warning that it is a felony for anyone to sign an initiative petition with any name other than his own, or knowingly to sign his name more than once for the measure, or to sign a petition when he is not a legal voter. The gist of the proposition is also required to be printed on the top of the signature sheet, and no more than forty (40) signatures on any one sheet can be counted.